KENDALL BRILL & KELLY LLP
Richard B. Kendall (90072)
 *rkendall@kbkfirm.com*
Randall L. Jackson (244545)
 *rjackson@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Plaintiff and Counterdefendant
Viacom International Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VIACOM INTERNATIONAL INC., a Delaware corporation,, <br><br> Plaintiff, <br><br> v. <br><br> MGA ENTERTAINMENT, INC., a California corporation, <br><br> Defendant. | Case No. 2:15-CV-09621-R (Ex) <br><br> **PLAINTIFF AND COUNTER-DEFENDANT VIACOM INTERNATIONAL INC.'S ANSWER TO COUNTERCLAIM** <br><br> **DEMAND FOR JURY TRIAL** |
| MGA ENTERTAINMENT, INC., a California corporation, <br><br> Counterclaimant, <br><br> v. <br><br> VIACOM INTERNATIONAL INC., a Delaware corporation; DOES 1-10, inclusive, <br><br> Counterdefendants. | Hon. Manuel L. Real <br> Ctrm: 8 |

## ANSWER TO COUNTERCLAIM

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant Viacom International Inc. ("Viacom") hereby answers the Counterclaim of Defendant and Counterclaimant MGA Entertainment, Inc. ("MGA").  Viacom denies all factual allegations set forth in the Counterclaim unless expressly admitted.  Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.  Viacom need not admit or deny legal conclusions or arguments; however, Viacom affirmatively denies that it has violated any applicable law and asserts that MGA should be denied all of the relief it requests.  To the extent paragraphs in the Counterclaim are grouped under headings, Viacom responds generally that such headings and groupings (including without limitation the heading entitled "Viacom's Bad Faith") are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings.

1.   Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 1, and on this basis denies those allegations.

2.   Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 2, and on this basis denies those allegations.

3.   Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 3, and on this basis denies those allegations.

4.   Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 4, and on this basis denies those allegations.

5.   Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first three sentences of paragraph 5,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

and on this basis denies those allegations. Viacom admits, with respect to the fourth sentence in paragraph 5, that it had discussions with MGA regarding a potential Lalaloopsy television series. Viacom denies the remaining allegations in paragraph 5.

6. Viacom admits, with respect to the first two sentences of paragraph 6, that MGA has purchased a substantial amount of advertising over a period of years. Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in the first two sentences of paragraph 6, and on this basis denies those allegations. Viacom denies the allegations in the third sentence of paragraph 6. Viacom admits, with respect to the fourth sentence of paragraph 6, that Viacom and MGA entered into an agreement related to a Lalaloopsy television series. Viacom denies the remaining allegations in paragraph 6.

7. Viacom admits that this Court has subject matter jurisdiction over the Counterclaim. The remaining allegations in paragraph 7 consist of legal conclusions as to which no response is required.

8. Viacom admits that venue is proper in this judicial district with respect to the Counterclaim. The remaining allegations in paragraph 8 consist of legal conclusions as to which no response is required.

9. Viacom admits the allegations in paragraph 9.

10. Viacom admits the allegations in paragraph 10.

11. Viacom denies the allegations in paragraph 11.

12. Viacom denies the allegations in paragraph 12.

13. Viacom admits, with respect to the first sentence in paragraph 13, that Viacom and MGA entered into the Agreement, which was dated as of October 9, 2012. Viacom denies the remaining allegations in the first sentence of paragraph 13. Viacom states that the second sentence of paragraph 13 contains characterizations of the Agreement, and that the Agreement is the best evidence of

its contents.  Viacom denies such allegations to the extent they are inconsistent with the Agreement, including MGA's assertion that the Agreement was a "placeholder." Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 13, and on this basis denies those allegations.

14.   Viacom states that paragraph 14 contains characterizations of the Agreement, and that the Agreement is the best evidence of its contents.  Viacom denies such allegations to the extent they are inconsistent with the Agreement. Viacom admits that it has a Nickelodeon channel and a Nick Jr. channel, and that those channels are currently available in millions of households.  Viacom denies the remaining allegations in paragraph 14.

15.   Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first and second sentence of paragraph 15, and on this basis denies those allegations.   Viacom denies the allegations in the third and fourth sentences of paragraph 15.  Viacom states that the last sentence of paragraph 15 contains legal conclusions as to which no response is required, as well as characterizations of the Agreement and other unspecified contracts, and that the Agreement and such contracts are the best evidence of their contents.  Viacom denies such allegations to the extent they are inconsistent with the Agreement and such other contracts.  Viacom denies the remaining allegations in paragraph 15.

16.   Viacom states that the first sentence in paragraph 16 contains characterizations of the Agreement, and that the Agreement is the best evidence of its contents.  Viacom denies such allegations to the extent they are inconsistent with the Agreement.  Viacom admits, with respect to the second sentence of paragraph 16, that Nickelodeon broadcasts certain programs that are 22 minutes in length. Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in the second sentence of paragraph 16, and on this basis denies those allegations.  Viacom admits, with respect to the third

sentence of paragraph 16, that Nick Jr. broadcasts some programs that are 11 minutes in length.  Viacom denies the remaining allegations in paragraph 16.

17.   Viacom states that the first sentence of paragraph 17 contains characterizations of the Agreement, and that the Agreement is the best evidence of its contents.  Viacom denies such allegations to the extent they are inconsistent with the Agreement.  Viacom denies the remaining allegations in paragraph 17.

18.   Viacom admits that the Lalaloopsey television series premiered on Nickelodeon in March 2013, that some episodes were broadcast on Nickelodeon for a certain period thereafter, and that the program was ultimately moved to Nick Jr. Viacom denies the remaining allegations in paragraph 18.

19.   Viacom denies the allegations in paragraph 19.

20.   Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the fifth sentence of paragraph 20, and on this basis denies those allegations.  Viacom denies the remaining allegations in paragraph 20.

21.   Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the fourth sentence of paragraph 21, and on this basis denies those allegations.  Viacom denies the remaining allegations in paragraph 21.

22.   Viacom denies the allegations in the first two sentences of paragraph 22. Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 22, and on this basis denies those allegations.

23.   Viacom denies the allegations in paragraph 23.

24.   Viacom states that the first sentence of paragraph 24 contains characterizations of the Agreement, and that the Agreement is the best evidence of its contents.  Viacom denies such allegations to the extent they are inconsistent with the Agreement.  Viacom denies the allegations in the second sentence of paragraph

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

24. Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 24, and on this basis denies those allegations.

25. Viacom denies the allegations in paragraph 25.

26. Viacom states that the first sentence in paragraph 26 contains characterizations of the Agreement, and that the Agreement is the best evidence of its contents. Viacom denies such allegations to the extent they are inconsistent with the Agreement. Viacom denies the remaining allegations in paragraph 26.

27. Viacom denies the allegations in paragraph 27.

28. Viacom denies the allegations in paragraph 28.

29. Viacom denies the allegations in paragraph 29.

30. Viacom denies the allegations in the first sentence of paragraph 30. Viacom admits, with respect to the second sentence of paragraph 30, that MGA breached the Agreement by failing to pay the final minimum guarantee payment. Viacom denies the remaining allegations in paragraph 30.

31. Viacom admits that MGA's advertising is not governed by the Agreement. Viacom denies the remaining allegations in paragraph 31.

32. Viacom denies that it engaged in any improper conduct. Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 32, and on this basis denies those allegations.

33. Viacom admits that certain MGA advertising was suspended on or about November 2, 2015. Viacom denies the remaining allegations of paragraph 33.

34. Viacom admits that MGA impliedly claimed that it would reallocate certain of its advertising monies. Viacom denies the remaining allegations in paragraph 34.

35. Viacom admits, with respect to the first sentence of paragraph 35, that after MGA paid for advertising that was overdue under the applicable advertising agreement, the suspended MGA ads were promptly reinstated. Viacom admits, with

respect to the second sentence of paragraph 35, that MGA had no basis for failing to comply with its advertising agreements. Viacom denies the remaining allegations in paragraph 35.

36. Viacom denies that its suspension of MGA advertising was unwarranted. Viacom lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 36, and on this basis denies those allegations.

37. Viacom denies the allegations in paragraph 37.

38. Viacom denies the allegations in paragraph 38.

## ANSWER TO FIRST CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

39. Answering paragraph 39, Viacom incorporates by reference its admissions and denials contained in paragraphs 1 through 38 as if fully set forth herein.

40. Viacom states that the allegations in paragraph 40 consist of legal conclusions as to which no response is required. Viacom denies the allegations to the extent paragraph 40 can be construed as asserting that Viacom engaged in any misconduct.

41. Viacom states that paragraph 41 consists of characterizations of the Agreement, and that the Agreement is the best evidence of its contents. Viacom denies the allegations in paragraph 41 to the extent they are inconsistent with the Agreement.

42. Viacom denies the allegations in paragraph 42, including with respect to each subparagraph contained therein.

43. Viacom denies the allegations in paragraph 43.

44. Viacom denies the allegations in paragraph 44.

45. Viacom denies the allegations in paragraph 45.

## ANSWER TO SECOND CAUSE OF ACTION

### (Breach of Contract)

46. Answering paragraph 46, Viacom incorporates by reference its admissions and denials contained in paragraphs 1 through 45 as if fully set forth herein.

47. Viacom admits that it and MGA entered into the Agreement. Viacom denies the remaining allegations in paragraph 47.

48. Viacom denies the allegations in paragraph 48.

49. Viacom denies the allegations in paragraph 49.

50. Viacom denies the allegations in paragraph 50.

51. Viacom denies the allegations in paragraph 51.

## ANSWER TO MGA'S PRAYER FOR RELIEF

Viacom denies that MGA is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Viacom further pleads the following separate and additional defenses. By pleading these defenses, Viacom does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues. Viacom reserves the right to assert such additional affirmative defenses as discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

The Counterclaim is barred, in whole or in part, based on principles of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

The Counterclaim is barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

The Counterclaim is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

The Counterclaim is barred, in whole or in part, by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset/Setoff)

The Counterclaim is barred, in whole or in part, by the doctrines of offset and/or setoff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

The Counterclaim is barred, in whole or in part, due to MGA's failure to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

### (Consent/Acquiescence)

The Counterclaim is barred, in whole or in part, by the doctrines of consent and/or acquiescence.

# PRAYER FOR RELIEF

WHEREFORE, Viacom respectfully prays for relief as follows:

1. That the Counterclaim be dismissed, with prejudice and in its entirety;

2. That MGA take nothing by its Counterclaim and that judgment be entered against MGA and in favor of Viacom on the Counterclaim;

3. That Viacom be awarded it attorneys' fees and costs incurred in defending against the Counterclaim; and

4. That Viacom be granted such other and further relief as the Court may deem just and proper.

DATED: March 9, 2016            KENDALL BRILL & KELLY LLP

By:   /s/ Richard B. Kendall
Richard B. Kendall
Attorneys for Plaintiff and Counter-Defendant Viacom International Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff and Counterdefendant Viacom International Inc. hereby demands a trial by jury of all issues which are so triable.

Dated: March 9, 2016           KENDALL BRILL & KELLY LLP

By:      /s/ Richard B. Kendall
       Richard B. Kendall
       Attorneys for Plaintiff and Counter-
       Defendant Viacom International Inc.