KENDALL BRILL & KELLY LLP
Richard B. Kendall (90072)
  *rkendall@kbkfirm.com*
Randall L. Jackson (244545)
  *rjackson@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Plaintiff and Counterdefendant
Viacom International Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VIACOM INTERNATIONAL INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> MGA ENTERTAINMENT, INC., a California corporation, <br><br> Defendant. <br> _____ <br> AND RELATED COUNTERCLAIMS | Case No. 2:15-CV-09621-R (Ex) <br><br> **SECOND AMENDED COMPLAINT FOR:** <br><br> **(1) BREACH OF CONTRACT (CO-FINANCE AGREEMENT);** <br><br> **(2) BREACH OF CONTRACT (BEACON DOMESTIC AD SALES AGREEMENT);** <br><br> **(3) BREACH OF CONTRACT (HAWORTH DOMESTIC AD SALES AGREEMENTS); and** <br><br> **(4) BREACH OF CONTRACT (INTERNATIONAL AD SALES AGREEMENT);** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Hon. Manuel L. Real <br> Ctrm: 8 |

272945

1    Plaintiff and Counterdefendant Viacom International Inc. ("Viacom"), for its

2  second amended complaint against Defendant and Counterclaimant MGA

3  Entertainment, Inc. ("MGA"), alleges as follows:

4                                  **INTRODUCTION**

5    1.    In recent months, MGA has demonstrated a startling disregard for its

6  contractual obligations.

7    2.    During this time, MGA has breached *five* separate contracts with

8  Viacom.  In connection with these breaches, MGA has failed to pay ***more than $13***

9  ***million*** in monies owed to Viacom.

10    3.    First, MGA and Viacom are parties to a co-finance agreement relating

11  to a television series based on MGA's Lalaloopsy brand of dolls (the "TV Series").

12  The agreement required MGA to pay a $4 million installment payment to Viacom

13  on or before September 15, 2015.  MGA paid $500,000 of the amount due, but has

14  failed and refused to pay the remaining balance of $3.5 million.

15    4.    Second, MGA, through its agent The Beacon Media Group ("Beacon"),

16  and Viacom are parties to a domestic advertising sales agreement pursuant to which

17  MGA agreed to pay Viacom approximately $8.5 million for ads that would be

18  broadcast domestically on Viacom's Nickelodeon networks between July 1, 2015

19  and December 31, 2015.  MGA has breached this domestic advertising sales

20  agreement, among other reasons, by failing to timely pay $7,378,423.30 for ads

21  broadcast in September, October, November, and December 2015.

22    5.    Third, MGA, through its agent Haworth Marketing + Media

23  ("Haworth"), and Viacom are parties to two separate domestic advertising sales

24  agreements that were entered in 2015.  Pursuant to these agreements, MGA is

25  required to pay Viacom $788,964.05 for ads that were broadcast domestically on the

26  Nickelodeon networks during the months of August, October, and November 2015.

27  MGA has breached these domestic advertising sales agreements by failing to timely

28  pay these monies.

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

6.    Fourth, MGA and Viacom are parties to an international advertising sales agreement that required MGA to pay Viacom $5 million for ads that would be broadcast internationally on the Nickelodeon networks during a one-year period ending no later than June 30, 2015.  MGA has breached the international ad sales agreement by failing to schedule and pay for advertisements representing at least $1.823 million of its contractual commitment.

7.    Viacom has repeatedly demanded that MGA honor its contractual obligations.  MGA has not complied, and has left Viacom with no choice but to file this lawsuit.

## JURISDICTION AND VENUE

8.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties.  Additionally, the amount in controversy exceeds $75,000.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), as MGA resides within this judicial district.

10.    Moreover, as provided in Paragraph 20 of their co-finance agreement, the parties have expressly agreed to the exclusive jurisdiction and venue of the state and federal courts located in Los Angeles County, California, for purposes of resolving any dispute relating to that contract.

## PARTIES

11.    Plaintiff Viacom is a Delaware corporation, with its principal place of business in New York, New York.

12.    Defendant MGA is a California corporation, with its principal place of business in Los Angeles, California.

## BACKGROUND

### MGA Breaches the Co-Finance Agreement

13.    By agreement dated as of October 9, 2012, Viacom and MGA entered into the Series Co-Financing Agreement (the "Co-Finance Agreement").  Pursuant

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

2

1  to the Co-Finance Agreement, the parties agreed to share the costs of producing at
2  least 52 episodes (or two seasons) of the TV Series.

3      14.    For its part, Viacom agreed to contribute over $5.2 million in financing
4  for the production of the TV Series, as specified by Paragraph 2(b) of the Co-
5  Finance Agreement.  In addition, Viacom agreed to broadcast the TV Series during
6  the ensuing three years, as specified in Paragraph 5 of the Co-Finance Agreement,
7  which provides:

8          [Viacom] hereby commits to launch the series on the main
9          Nickelodeon channel … and thereafter broadcast the
10          Programming on either the main Nickelodeon channel or
11          the Nick Jr. channel on a regularly scheduled basis during
12          the hours 8 a.m. to 9 p.m. for three years….

13      15.    For its part, MGA agreed to contribute additional financing toward the
14  production of the TV Series.  In addition, MGA agreed to pay Viacom a "minimum
15  guarantee" of $9 million in three installments, with the final payment being due on
16  September 15, 2015, as specified in Paragraph 7(d) of the Co-Finance Agreement,
17  which provides:

18          MGA hereby agrees to pay [Viacom] the following
19          minimum guarantees in the amount of … $2 million, $3
20          million and $4 million in Year 1, Year 2 and Year 3 of the
21          Programming Commitment, respectively, totaling $9
22          million for said 3 years….Said minimum guarantees shall
23          be payable as follows: on September 15, 2013, September
24          15, 2014, September 15 2015….

25      16.    Viacom complied with its part of the bargain:  Viacom paid the entirety
26  of its $5.2 million co-finance commitment, Viacom launched the TV Series on the
27  main Nickelodeon channel in March 2013, and Viacom broadcast the 52 episodes of
28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  the TV Series on either the main Nickelodeon channel or the Nick Jr. channel on a

2  "regularly scheduled basis."

3      17.    Unfortunately, after receiving the benefit of Viacom's performance,

4  MGA breached the Co-Finance Agreement by refusing to pay the final $4 million

5  minimum guarantee installment payment on September 15, 2015 (the "Final

6  Minimum Guarantee Payment").

7      18.    On November 23, 2015, MGA paid $500,000 of the Final Minimum

8  Guarantee Payment.  However, MGA has failed to pay the remaining $3.5 million to

9  Viacom that is due under the Co-Finance Agreement.

10      *MGA Breaches the Beacon Domestic Ad Sales Agreement*

11      19.    In 2015, MGA (through its agent, Beacon) entered into an agreement in

12  which it committed to paying Viacom about $8.5 million for advertisements to be

13  broadcast domestically on the Nickelodeon networks between July 1, 2015 and

14  December 31, 2015 (the "Beacon Domestic Ad Sales Agreement").  (All advertising

15  monies described in this Second Amended Complaint refer to "net" amounts due to

16  Viacom, and exclude any commission that MGA may have been required to pay to

17  its agent.)  Thereafter, MGA and Viacom agreed on the amount of advertising that

18  would be broadcast for each of MGA's brands during each month of the contract

19  period.

20      20.    Under the Beacon Domestic Ad Sales Agreement, MGA was required

21  to pay Viacom no later than "the last business day of the month following the month

22  in which the [domestic advertising] was distributed."  However, Viacom also

23  provided MGA with an additional one-month "grace period" before it deemed a

24  particular payment to be late.  Thus, MGA effectively had two months within which

25  to pay for domestic advertising after the month in which Viacom broadcast the ads.

26      21.    During the September 2015 broadcast month, Viacom broadcast

27  domestic advertisements for MGA totaling $1,266,352.95 pursuant to the Beacon

28  Domestic Ad Sales Agreement.  Viacom sent one or more invoices for these

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

4

SECOND AMENDED COMPLAINT

1   advertisements.  MGA should have paid for these advertisements, even accounting

2   for the grace period, no later than November 30, 2015.  MGA has breached the

3   Beacon Domestic Ad Sales Agreement by refusing to make this payment to date.

4        22.    Similarly, during the October 2015 broadcast month, Viacom broadcast

5   domestic advertisements for MGA totaling $2,514,279.60 pursuant to the Beacon

6   Domestic Ad Sales Agreement.  Viacom sent one or more invoices for these

7   advertisements.  MGA should have paid for these advertisements, even accounting

8   for the grace period, no later than December 31, 2015.  MGA has breached the

9   Beacon Domestic Ad Sales Agreement by refusing to make this payment to date.

10       23.    Moreover, during the November 2015 broadcast month, Viacom

11  broadcast domestic advertisements for MGA totaling $3,403,621 pursuant to the

12  Beacon Domestic Ad Sales Agreement  Viacom sent one or more invoices for these

13  advertisements.  MGA should have paid for these advertisements, even accounting

14  for the grace period, no later than January 29, 2016.  MGA has breached the Beacon

15  Domestic Ad Sales Agreement by refusing to make this payment to date.

16       24.    Furthermore, during the December 2015 broadcast month, Viacom

17  broadcast domestic advertisements for MGA totaling $194,169.75 pursuant to the

18  Beacon Domestic Ad Sales Agreement  Viacom sent one or more invoices for these

19  advertisements.  MGA should have paid for these advertisements, even accounting

20  for the grace period, no later than February 29, 2016.  MGA has breached the

21  Beacon Domestic Ad Sales Agreement by refusing to make this payment to date.

22       25.    Finally, in November 2015, MGA purported to prospectively "cancel"

23  certain portions of its pre-committed advertising that had been scheduled for

24  broadcast, and informed Viacom that MGA would refuse to pay for such ads.

25  Viacom advised MGA that it had no right to rescind any portion of its commitment,

26  and that such statements constituted a breach of contract.  Nonetheless, MGA

27  persisted with its position. Accordingly, Viacom removed approximately $380,000

28  in scheduled MGA advertisements from broadcast in an effort to mitigate its

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

5

1   potential damages.  As a result of this breach of contract, Viacom is entitled to

2   recover damages incurred with respect to this cancelled advertising.

3            *MGA Breaches the Haworth Domestic Ad Sales Agreements*

4            26.    In 2015, MGA (through another agent, Haworth) entered into two

5   additional agreements in which it committed to paying Viacom for advertisements

6   to be broadcast domestically on the Nickelodeon networks.  First, pursuant to a

7   letter of agreement dated July 21, 2015, MGA agreed to pay for advertisements

8   relating to its "Bratz" brand.  Second, pursuant to a letter of agreement dated

9   October 12, 2015, MGA agreed to pay for advertisements relating to its "Little

10  Tikes" brand.  (collectively, the "Haworth Domestic Ad Sales Agreements").

11           27.    Under the Haworth Domestic Ad Sales Agreements, MGA was

12  required to pay Viacom no later than "the last business day of the month following

13  the month in which the [domestic advertising] was distributed."  However, Viacom

14  also provided MGA with an additional one-month "grace period" before it deemed a

15  particular payment to be late.  Thus, MGA effectively had two months within which

16  to pay for domestic advertising after the month in which Viacom broadcast the ads.

17           28.    During the August 2015 broadcast month, Viacom broadcast

18  $297,516.15 in domestic advertising pursuant to the first of the Haworth Domestic

19  Ad Sales Agreements.  Viacom sent one or more invoices for these advertisements.

20  MGA should have paid for these advertisements, even accounting for the grace

21  period, no later than October 29, 2015.  MGA has breached the first Haworth

22  Domestic Ad Sales Agreement by refusing to pay these amounts to date.

23           29.    During the October 2015 broadcast month, Viacom broadcast

24  $297,275.60 in domestic advertising pursuant to the second of the Haworth

25  Domestic Ad Sales Agreements.  Viacom sent one or more invoices for these

26  advertisements.  MGA should have paid for these advertisements, even accounting

27  for the grace period, no later than December 31, 2015.  MGA has breached the

28

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

6

SECOND AMENDED COMPLAINT

1    second Haworth Domestic Ad Sales Agreement by refusing to make this payment to

2    date.

3          30.     During the November 2015 broadcast month, Viacom broadcast

4    $194,172.30 in domestic advertising pursuant to the second Haworth Domestic Ad

5    Sales Agreement. Viacom sent one or more invoices for these advertisements.

6    MGA should have paid for these advertisements, even accounting for the grace

7    period, no later than January 29, 2016. MGA has breached the second Haworth

8    Domestic Ad Sales Agreement by refusing to make this payment to date.

9          *MGA Breaches the International Ad Sales Agreement*

10          31.     On May 16, 2014, Viacom and MGA entered into an agreement

11    pursuant to which MGA agreed to "purchase certain media/advertising inventory

12    made available by [Viacom] across certain of [Viacom's] branded (including

13    without limitation Nickelodeon and/or Nick Jr.) on-air and digital platforms outside

14    of the United States…in a non-cancellable, non-refundable amount of

15    $5,000,000…" (the "International Ad Sales Agreement"). The parties further

16    agreed that that $5 million commitment was required to be fulfilled "during the one

17    (1) year period commencing on or about the initial telecast of the [TV Series] in the

18    TV License Territory."

19          32.     The initial telecast of the TV Series in the "TV License Territory"

20    occurred on or about June 2014, and therefore the $5 million commitment certainly

21    had to be fulfilled no later than June 30, 2015.

22          33.     Despite its agreement, MGA only scheduled about $2.75 million in

23    advertising under the International Ad Sales Agreement that was broadcast on or

24    before June 30, 2015.

25          34.     MGA contended that it was entitled to an extension of time to fulfill its

26    commitment, on the claimed basis that certain regions did not begin transmitting the

27    TV Series until July or August 2014, and therefore that the one-year contract period

28    should not be deemed to have ended until July or August 2015.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

SECOND AMENDED COMPLAINT

35.    Viacom disagreed with MGA's position that it was entitled to an extension of the contract period.  However, even if this extended period is taken into account, MGA still did not fulfill its commitment, because MGA only scheduled an additional $420,000 in potentially qualifying advertising during the third quarter of 2015.  Accordingly, MGA still breached the International Ad Sales Agreement by failing to schedule and pay for at least an additional $1.823 million in international advertisements—which was necessary to satisfy its $5 million contractual commitment.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)
### (Co-Finance Agreement)

36.    Viacom realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

37.    At all times relevant to this action, the Co-Finance Agreement was a valid and binding agreement.

38.    Viacom has performed all material conditions, covenants, and promises required to be performed by it in accordance with the terms and conditions of the Co-Finance Agreement.

39.    MGA has breached its contractual obligations under the Co-Finance Agreement by, *inter alia*, failing to pay $3.5 million of the Final Minimum Guarantee Payment to Viacom.

40.    As a direct and proximate cause of MGA's breaches of contract as alleged herein, Viacom has been damaged.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)
### (Beacon Domestic Ad Sales Agreement)

41.    Viacom realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

8

SECOND AMENDED COMPLAINT

42.    At all times relevant to this action, the Beacon Domestic Ad Sales Agreement was a valid and binding agreement.

43.    Viacom has performed all material conditions, covenants, and promises required to be performed by it in accordance with the terms and conditions of the Beacon Domestic Ad Sales Agreement.

44.    MGA has breached its contractual obligations under the Beacon Domestic Ad Sales Agreement by, *inter alia*, failing to pay:

      a.    $1,266,352.95 for ads broadcast domestically during the September 2015 broadcast month, and which were required to be paid no later than November 30, 2015;

      b.    $2,514,279.60 for ads broadcast domestically during the October 2015 broadcast month, and which were required to be paid no later than December 31, 2015;

      c.    $3,403,621.00 for ads broadcast domestically during the November 2015 broadcast month, and which were required to be paid no later than January 29, 2016; and

      d.    $194,169.75 for ads broadcast domestically during the December 2015 broadcast month, and which were required to be paid no later than February 29, 2016.

45.    MGA has further breached its contractual obligations under the Beacon Domestic Ad Sales Agreement by prospectively purporting to "cancel" certain pre-committed advertising, and which Viacom thereafter removed from broadcast in an effort to mitigate its damages.

46.    As a direct and proximate cause of MGA's breaches of contract as alleged herein, Viacom has been damaged.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

9

SECOND AMENDED COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

### (Haworth Domestic Ad Sales Agreements)

47.    Viacom realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

48.    At all times relevant to this action, the Haworth Domestic Ad Sales Agreements were valid and binding agreements.

49.    Viacom has performed all material conditions, covenants, and promises required to be performed by it in accordance with the terms and conditions of the Haworth Domestic Ad Sales Agreements.

50.    MGA has breached its contractual obligations under the Haworth Domestic Ad Sales Agreements by, *inter alia*, failing to pay $788,964.05 for advertising broadcast by Viacom.

51.    As a direct and proximate cause of MGA's breaches of contract as alleged herein, Viacom has been damaged.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

### (International Ad Sales Agreement)

52.    Viacom realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

53.    At all times relevant to this action, the International Ad Sales Agreement was a valid and binding agreement.

54.    Viacom has performed all material conditions, covenants, and promises required to be performed by it in accordance with the terms and conditions of the International Ad Sales Agreement.

55.    MGA has breached its contractual obligations under the International Ad Sales Agreement by, *inter alia*, failing to schedule and pay for at least $1.823

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

10

SECOND AMENDED COMPLAINT

1  million in international advertising during the contract period, which was required in

2  order to comply with its overall $5 million commitment to Viacom.

3       As a direct and proximate cause of MGA's breaches of contract as alleged

4  herein, Viacom has been damaged.

5  **<u>PRAYER FOR RELIEF</u>**

6       WHEREFORE, Viacom respectfully prays for the following relief:

7       A.    That judgment be entered in favor of Viacom and against MGA;

8       B.    That Viacom be awarded its damages;

9       C.    That Viacom be awarded its attorneys' fees and costs, as well as

10 prejudgment and post-judgment interest; and

11      D.    That Viacom be granted such other and further relief as the Court may

12 deem just and proper.

13

14 DATED:  April 7, 2016          KENDALL BRILL & KELLY LLP

15

16

17                      By:     /s/ Richard B. Kendall

18                          Richard B. Kendall

                         Attorneys for Plaintiff and Counter-

19                          Defendant Viacom International Inc.

20

21

22

23

24

25

26

27

28

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

11

SECOND AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff and Counterdefendant Viacom International Inc. hereby demands a trial

3    by jury of all issues so triable.

4

5    DATED:  April 7, 2016                    KENDALL BRILL & KELLY LLP

6

7

8                                            By:    /s/ Richard B. Kendall

9                                                   Richard B. Kendall
                                                    Attorneys for Plaintiff and Counter-
10                                                  Defendant Viacom International Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

272945

12

SECOND AMENDED COMPLAINT