KENDALL BRILL & KELLY LLP
Richard B. Kendall (90072)
 *rkendall@kbkfirm.com*
Randall L. Jackson (244545)
 *rjackson@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Plaintiff and Counterdefendant
Viacom International Inc.

PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
G.JILL BASINGER - State Bar No. 195739
jbasinger@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendant and Counterclaimant
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VIACOM INTERNATIONAL INC., a Delaware corporation,,<br><br>  Plaintiff,<br><br>  v.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>  Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:15-CV-09621-R (Ex)<br><br>**PROTECTIVE ORDER CONCERNING USE OF NIELSEN COMPANY RATINGS MATERIALS**<br><br>Hon. Manuel L. Real<br>Ctrm: 8 |

276942.1

PROTECTIVE ORDER CONCERNING USE OF NIELSEN COMPANY RATINGS MATERIALS

Plaintiff and Counterdefendant Viacom International Inc. ("Viacom") and Defendant and Counterclaimant MGA Entertainment, Inc. ("MGA") have consented to the entry of a protective order in this litigation concerning the use of Nielsen Company ratings information, as evidenced by the signatures of their counsel on the Stipulation To Enter Protective Order Concerning Use of Nielsen Company Ratings Materials that was filed with the Court on May 11, 2016.

For good cause shown, pursuant to Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED** that this Protective Order ("Order") will govern the production and exchange of Nielsen Company ratings materials in the above-captioned case on the terms as set forth therein.

**TERMS OF THE STIPULATED PROTECTIVE ORDER**

MGA has requested that Viacom produce certain ratings information, documents, and data that are created and furnished to Viacom by The Nielsen Company (US) LLC ("Nielsen), including with respect to the television program *Lalaloopsy* (the "Nielsen Material").  The Nielsen Material has been provided to Viacom for limited uses pursuant to contract.  Nielsen, which is not a party to this action, deems the Nielsen Material to be proprietary to Nielsen and that such information has a continuing value to Nielsen in that Nielsen regularly receives income from providing the information to other clients that might be interested in the information.  The parties desire to go forward with the discovery of the Nielsen Material without compromising its confidentiality and proprietary nature.  Further, the parties desire to use documents containing the Nielsen Material in pre-trial discovery in such a way that the Nielsen Material will not be disclosed to anyone other than as set forth herein, and such that the methodology utilized by Nielsen will not be a subject that is contested in the litigation.

Based on the foregoing, the following is ORDERED:

1. All Nielsen Material produced in this litigation shall be designated as "CONFIDENTIAL" pursuant to the Protective Order entered by the Court on May

6, 2016, and shall be subject to the protections for CONFIDENTIAL information set forth therein.

2. This Order contemplates that certain information may be extracted from the Nielsen Material and/or that summaries (including tables, charts, graphs, etc.) of information contained in such materials may be prepared, and that such extracts or summaries may be offered as evidence at trial or otherwise. In addition, the parties to the action recognize that certain witnesses may wish to testify concerning the Nielsen Material. The provisions of this Order relating to the Nielsen Material shall be equally applicable to such extracts, summaries, and testimonies based on such documents.

3. The parties agree and stipulate that the data contained in the Nielsen Material is a reasonably accurate representation of television viewing in the relevant geographic area, and that such data is admissible as evidence to show such facts (provided that such facts are themselves relevant and material to any particular issue on which they may be offered).

4. The parties agree not to assert and do hereby waive any objections to admissibility of any Nielsen Material on the grounds that they may constitute hearsay, or that they contain opinions, or that they are not the best evidence of information reported therein. A party may withdraw the waivers in this paragraph with regard to certain documents or communications from Nielsen if, after consultation with Nielsen, Nielsen agrees that such waivers are not necessary for those documents and/or communications.

5. The parties hereto agree not to assert and do hereby waive any objections to the authenticity and genuineness of the Nielsen Material.

6. The parties hereto agree that neither Nielsen nor any Nielsen officer, director, employee, agent, or other individual will be subpoenaed or otherwise required to testify in any manner concerning any Nielsen Material to be offered into

evidence, and further that the methodology utilized by Nielsen will not be an issue that is contested in this lawsuit.

7. The parties agree to provide Nielsen with copies of any exhibits derived from the Nielsen Material five (5) days before the time such exhibits are presented to the Court or offered into evidence.

8. All notices concerning this Order to Nielsen shall be mailed to Nielsen at the time that the notice to Nielsen is given as follows:

> Eric Rubenstein
> General Counsel – Global Media
> The Nielsen Company
> 85 Broad Street
> New York, New York 10004

The parties giving the notice shall also telephone the fact of the notice of the General Counsel of The Nielsen Company – Media by calling 646-654-5042.

9. The terms of this Order shall survive and remain in force and effect after the termination of this litigation and may not be altered or modified except by written stipulation executed by all parties hereto and approved by Nielsen.

10. It is agreed between the parties that Nielsen shall not be considered a party to this lawsuit, but the parties hereto agree that Nielsen shall have the right to enforce this Order before this Court at any time during or after this litigation.

**IT IS SO ORDERED.**

DATED: May 13, 2016     By: _____
                             Hon. Manuel L. Real
                             United States District Judge

276942.1

3

PROTECTIVE ORDER CONCERNING USE OF NIELSEN COMPANY RATINGS MATERIALS