1  KENDALL BRILL & KELLY LLP
   Richard B. Kendall (90072)
2    *rkendall@kbkfirm.com*
   Randall L. Jackson (244545)
3    *rjackson@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
4  Los Angeles, California 90067
   Telephone: 310.556.2700
5  Facsimile:  310.556.2705

6  Attorneys for Plaintiff and Counterdefendant
   Viacom International Inc.
7

8           **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  VIACOM INTERNATIONAL INC.,          Case No. 2:15-CV-09621-R (Ex)
    a Delaware corporation,,
12                                       **DECLARATION OF RANDALL L.**
              Plaintiff,                 **JACKSON IN SUPPORT OF**
13                                       **PLAINTIFF VIACOM**
         v.                              **INTERNATIONAL INC.'S**
14                                       **MOTION FOR SUMMARY**
    MGA ENTERTAINMENT, INC.,             **JUDGMENT AND PARTIAL**
15  a California corporation,            **SUMMARY JUDGMENT**

16            Defendant.                 *Filed concurrently with Memorandum*
                                         *of Points and Authorities; Separate*
17                                       *Statement; Declarations of Thomas*
                                         *Horner, Sarah Levy, Sujata Luther,*
18                                       *Jennifer Jankowski, Justin Halliley, and*
                                         *Alexandra Whelan*
19

20  ─────────────────────────────
    MGA ENTERTAINMENT, INC., a          Judge:   Hon. Manuel L. Real
21  California corporation,             Date:    July 18, 2016
                                         Time:    10:00 a.m.
22            Counterclaimant,          Crtrm.:  8

23       v.

24  VIACOM INTERNATIONAL INC., a
    Delaware corporation; DOES 1-10,
25  inclusive,

26            Counterdefendants.
27

28

**Kendall Brill**
**& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

## DECLARATION OF RANDALL L. JACKSON

I, Randall L. Jackson, declare as follows:

1.    I am an attorney at the law firm of Kendall Brill & Kelly LLP, counsel of record for Plaintiff and Counterdefendant Viacom International Inc. in the above-captioned action.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.    Attached hereto as **Exhibit 1** is a true and correct copy of MGA's Answer to Plaintiff's Second Amended Complaint, dated April 21, 2016.

3.    Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of the deposition of Isaac Larian, taken on May 26, 2016.

4.    Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of the deposition of Ellie Trope, taken on May 27, 2016.

5.    Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of the deposition of Paul Caldera, taken on May 25, 2016.

6.    Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of the deposition of Justin Halliley, taken on June 1, 2016.

7.    Attached hereto as **Exhibit 6** are true and correct copy of document produced by MGA in this litigation and bates-stamped MGA0045647 – MGA0045649.

8.    Attached hereto as **Exhibit 7** is a true and correct copy of a document produced by Beacon Media Inc. ("Beacon") hand numbered 30 - 32, and bates stamped BEACON00610 – BEACON00612.

9.    Attached hereto as **Exhibit 8** is a true and correct copy of a document produced by Beacon and hand numbered 37 - 39, and bates stamped BEACON00617 – BEACON00619.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

10. Attached hereto as **Exhibit 9** is a true and correct copy of a document produced by Beacon and bates-stamped BEACON00783 – BEACON00791.

11. Attached hereto as **Exhibit 10** are true and correct copies of documents and bates-stamped MGA0001195 – MGA0001202.

12. Attached hereto as **Exhibit 11** is a true and correct copy of a document produced by MGA in this litigation and bates-stamped MGA0008459 – MGA0008461.

13. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts of the deposition of Sheldon Hirsch, taken on May 25, 2016.

14. Attached hereto as **Exhibit 13** are true and correct copy of a document produced by MGA in this litigation and bates-stamped MGA0007874 – MGA0007878.

15. Attached hereto as **Exhibit 14** are true and correct copy of a document produced by MGA in this litigation and bates-stamped MGA0008432 – MGA0008437.

16. Attached hereto as **Exhibit 15** are true and correct copy of a document produced by MGA in this litigation and bates-stamped MGA0008523 – MGA0008526.

17. Attached hereto as **Exhibit 16** are true and correct copy of a document produced by MGA in this litigation and bates-stamped MGA0008020 – MGA0008023.

18. Attached hereto as **Exhibit 17** is a true and correct copy of a document produced by Beacon and hand numbered 20 - 21, and bates stamped BEACON00600 – BEACON00601.

19. Attached hereto as **Exhibit 18** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 31.

20. Attached hereto as **Exhibit 19** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 32.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

281788.1

2

Case No. 2:15-CV-09621-R (Ex)

DECLARATION OF RANDALL L. JACKSON IN SUPPORT OF PLAINTIFF VIACOM INTERNATIONAL INC.'S MOTION FOR SUMMARY JUDGMENT

21.     Attached hereto as **Exhibit 20** is a true and correct copy of excerpts of the deposition of Heather Kruse, taken on May 23, 2016.

22.     Attached hereto as **Exhibit 21** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 35.

23.     Attached hereto as **Exhibit 22** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 36.

24.     Attached hereto as **Exhibit 23** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 38.

25.     Attached hereto as **Exhibit 24** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 39.

26.     Attached hereto as **Exhibit 25** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 40.

27.     Attached hereto as **Exhibit 26** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 41.

28.     Attached hereto as **Exhibit 27** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 59.

29.     Attached hereto as **Exhibit 28** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 42.

30.     Attached hereto as **Exhibit 29** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 43.

31.     Attached hereto as **Exhibit 30** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 44.

32.     Attached hereto as **Exhibit 31** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 45.

33.     Attached hereto as **Exhibit 32** is a true and correct copy of a document produced by Haworth in this action, and marked as deposition exhibit 46.

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

281788.1

3

Case No. 2:15-CV-09621-R (Ex)

DECLARATION OF RANDALL L. JACKSON IN SUPPORT OF PLAINTIFF VIACOM INTERNATIONAL
INC.'S MOTION FOR SUMMARY JUDGMENT

34.    Attached hereto as **Exhibit 33** are true and correct copy of a document produced by MGA in this litigation and bates-stamped MGA0038297 – MGA0038300.

35.    Attached hereto as **Exhibit 34** are true and correct copy of a document produced by Viacom with bates-stamped VIA00047823 – VIA00047824.

36.    Attached hereto as **Exhibit 35** are true and correct copies of documents produced by MGA and Viacom in this litigation and bates-stamped MGA0032990 – MGA0032998, MGA0033418 – MGA0033427, MGA0033046 – MGA0033054, MGA0033358 – MGA0033368, MGA0033107 - MGA0033117, MGA0033090 – MGA0033101; MGA0033441 – MGA0033453; MGA0033531 – MGA0033542, MGA0033515 – MGA0033527, MGA0033180 – MGA0033191, MGA0033159 – MGA0033170, VIA00000074 – VIA00000104, VIA00000509 – VIA00000520, MGA0033249 – MGA0033262, VIA00000447 – VIA00000460.

37.    Attached hereto as **Exhibit 36** are true and correct copy of a document produced by MGA in this litigation and bates-stamped MGA0033358-33368.

38.    Attached hereto as **Exhibit 37** are true and correct copy of a document produced by MGA in this litigation and bates-stamped MGA0014195.

39.    Attached hereto as **Exhibit 38** is a true and correct copy of MGA's expert disclosure captioned, "Expert Report of James E. Malackowski," dated April 27, 2016.

40.    Attached hereto as **Exhibit 39** is a true and correct copy of MGA's expert disclosure captioned, "Supplement to the Expert Report of James E. Malackowski," dated June 3, 2016.

/ / /

/ / /

/ / /

/ / /

/ / /

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

281788.1

4

Case No. 2:15-CV-09621-R (Ex)

DECLARATION OF RANDALL L. JACKSON IN SUPPORT OF PLAINTIFF VIACOM INTERNATIONAL INC.'S MOTION FOR SUMMARY JUDGMENT

41.     Based on my review of the documents attached hereto as Exhibits 23, 24, 25, 29 and 30, the amount invoiced by Viacom for advertising (i) purchased through Haworth and (ii) aired on Viacom-owned networks before November 9, 2015 (not including November 9, 2015) is $711,653.00.

Executed on this 20th day of June, 2016, at Los Angeles, California.

_____
Randall L. Jackson

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

281788.1

5

Case No. 2:15-CV-09621-R (Ex)

DECLARATION OF RANDALL L. JACKSON IN SUPPORT OF PLAINTIFF VIACOM INTERNATIONAL
INC.'S MOTION FOR SUMMARY JUDGMENT

# EXHIBIT 1

Case 2:15-cv-09621-R-E    Document 52-2    Filed 06/20/16    Page 8 of 112    Page ID
Case 2:15-cv-09621-R-E    Document 23    Filed 04/21/16    Page 1 of 13    Page ID #:138
#:2852

1 | PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
2 | G.JILL BASINGER - State Bar No. 195739
jbasinger@glaserweil.com
3 | GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
4 | 10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
5 | Telephone: (310) 553-3000
Facsimile: (310) 556-2920

6

7 | CARRIE A. MCQUAID - State Bar No. 254066
cmcquaid@mgae.com
8 | MGA ENTERTAINMENT, INC.
16380 Roscoe Blvd, Suite 102
Van Nuys, CA 91406
9 | Telephone: (818) 894-2525
Fax: (818) 895-0771

10

11 | Attorneys for Defendant and Counterclaimant
MGA Entertainment, Inc.

12 |                    UNITED STATES DISTRICT COURT

13 |                    CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 | VIACOM INTERNATIONAL INC., a Delaware corporation, | CASE NO.: 2:15-cv-09621-R (Ex) |
| 16 | | Hon. Manuel L. Real |
| 17 |          Plaintiff, | **DEFENDANT MGA ENTERTAINMENT, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| 18 | v. | |
| 19 | MGA ENTERTAINMENT, INC., a California corporation, | |
| 20 |          Defendant. | |
| 21 | | |
| 22 | and related Counterclaims | |

23

24

25

26

27

28

Case 2:15-cv-09621-R-E   Document 52-2   Filed 06/20/16   Page 9 of 112   Page ID
#:2055
Case 2:15-cv-09621-R-E   Document 23   Filed 04/21/16   Page 2 of 13   Page ID #:139

1        Defendant and Counterclaimant MGA Entertainment, Inc. ("Defendant" or

2   "MGA") answers the allegations of the Second Amended Complaint ("SAC") of

3   Plaintiff and Counterdefendant Viacom International Inc. ("Plaintiff" or "Viacom") as

4   follows:

5                        **INTRODUCTION**

6       1.     Defendant denies the allegation in Paragraph 1 of the SAC.

7       2.     Defendant admits this is a breach of contract action.  Defendant denies

8   the remaining allegations in Paragraph 2 of the SAC.

9       3.     Defendant admits MGA and Viacom are parties to a co-finance

10  agreement relating to a television series based on MGA's Lalaloopsy brand of dolls.

11  Defendant denies the remaining allegations in Paragraph 3 of the SAC.

12      4.     Defendant admits Beacon Media is an agent of MGA.  As to the

13  remainder of the allegations, Defendant lacks sufficient information to form a belief

14  as to the truth or falsity of the allegations set forth in Paragraph 4 of the SAC, and on

15  that basis, Defendant denies the remaining allegations in their entirety.

16      5.     Defendant admits Haworth Marketing + Media is an agent of MGA.  As

17  to the remainder of the allegations, Defendant lacks sufficient information to form a

18  belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the SAC,

19  and on that basis, Defendant denies the remaining allegations in their entirety.

20      6.     Defendant admits MGA and Viacom International Media Networks, a

21  division of Viacom International, Inc., are parties to a side letter agreement regarding

22  international advertising commitment dated May 16, 2014.  Defendant denies the

23  remaining allegations in Paragraph 6 of the SAC.

24      7.     Defendant denies each and every allegation in Paragraph 7 of the SAC.

25                **JURISDICTION AND VENUE**

26      8.     The allegations set forth in Paragraph 8 of the SAC contain legal

27  conclusions with respect to which Defendant can neither admit nor deny.  To the

28  extent Paragraph 8 of the SAC is construed as containing any factual allegations,

**Glaser Weil**

1173249

1

ANSWER TO SECOND AMENDED COMPLAINT

Exhibit 1   Page 7

1    Defendant lacks sufficient information to form a belief as to the truth or falsity of the

2    allegations in Paragraph 8 of the SAC and, accordingly, Defendant denies those

3    allegations in their entirety.

4        9.    The allegations set forth in Paragraph 9 of the SAC contain legal

5    conclusions with respect to which Defendant can neither admit nor deny.  To the

6    extent Paragraph 9 of the SAC is construed as containing any factual allegations,

7    Defendant lacks sufficient information to form a belief as to the truth or falsity of the

8    allegations in Paragraph 9 of the SAC and, accordingly, Defendant denies those

9    allegations in their entirety.

10        10.    Defendant avers that the co-finance agreement speaks for itself.

11    Defendant lacks sufficient information to form a belief as to the truth or falsity of the

12    remaining allegations set forth in Paragraph 10 of the SAC, and on that basis,

13    Defendant denies the remaining allegations.

14                    **PARTIES**

15        11.    Defendant lacks information or belief sufficient to answer the allegations

16    in Paragraph 11 of the SAC, and basing its denial on this ground, denies, both

17    generally and specifically, each and every allegation thereof.

18        12.    Defendant admits the allegation in Paragraph 12 of the SAC.

19                    **BACKGROUND**

20        13.    Defendant admits Viacom and MGA executed a Series Co-Financing

21    Agreement, dated October 9, 2012 ("Co-Finance Agreement").  Defendant avers that

22    the Co-Finance Agreement speaks for itself.  Defendant lacks sufficient information

23    to form a belief as to the truth or falsity of the remaining allegations set forth in

24    Paragraph 13 of the SAC, and on that basis, Defendant denies the remaining

25    allegations therein.

26        14.    Defendant avers that the Co-Finance Agreement speaks for itself.

27    Defendant lacks sufficient information to form a belief as to the truth or falsity of the

28    remaining allegations set forth in Paragraph 14 of the SAC, and on that basis,

2

1173249

**Glaser Weil**

Case 2:15-cv-09621-R-E   Document 52-2   Filed 06/20/16   Page 11 of 112   Page ID
Case 2:15-cv-09621-R-E   Document 23 Filed 04/21/16   Page 4 of 13   Page ID #:141
#:2885

1  Defendant denies the remaining allegations therein.

2        15.    Defendant avers that the Co-Finance Agreement speaks for itself.

3  Defendant lacks sufficient information to form a belief as to the truth or falsity of the

4  remaining allegations set forth in Paragraph 15 of the SAC, and on that basis,

5  Defendant denies the remaining allegations therein.

6        16.    Defendant admits that Viacom paid $5.2 million for production of 52

7  episodes of the Lalaloopsy TV series.  Defendant further admits that Lalaloopsy

8  series was launched on the main Nickelodeon channel in March of 2013.  Defendant

9  denies the remaining allegations in Paragraph 16 of the SAC.

10        17.    Defendant denies each and every allegation in Paragraph 17 of the SAC.

11        18.    Defendant admits it paid Viacom $500,000 on November 23, 2015.

12  Defendant denies the remaining allegations in Paragraph 18 of the SAC.

13        19.    ==Defendant admits Beacon is an agent of MGA.==  Defendant lacks

14  sufficient information to form a belief as to the truth or falsity of the remaining

15  allegations set forth in Paragraph 19 of the SAC, and on that basis, Defendant denies

16  the remaining allegations.

17        20.    Defendant lacks sufficient information to form a belief as to the truth or

18  falsity of the allegations set forth in Paragraph 20 of the SAC, and on that basis,

19  Defendant denies the allegations in their entirety.

20        21.    Defendant admits Viacom broadcast domestic MGA advertisements in

21  September 2015.  Defendant denies that it breached the alleged Beacon Domestic Ad

22  Sales Agreement.  Defendant lacks sufficient information to form a belief as to the

23  truth or falsity of the remaining allegations set forth in Paragraph 21 of the SAC, and

24  on that basis, Defendant denies the remaining allegations.

25        22.    Defendant admits Viacom broadcast domestic MGA advertisements in

26  October 2015.  Defendant denies that it breached the alleged Beacon Domestic Ad

27  Sales Agreement.  Defendant lacks sufficient information to form a belief as to the

28  truth or falsity of the remaining allegations set forth in Paragraph 22 of the SAC, and

Glaser Weil

3
1173249

1  on that basis, Defendant denies the remaining allegations.

2      23.    Defendant admits Viacom broadcast domestic MGA advertisements in

3  November 2015.  Defendant denies that it breached the alleged Beacon Domestic Ad

4  Sales Agreement.  Defendant lacks sufficient information to form a belief as to the

5  truth or falsity of the remaining allegations set forth in Paragraph 23 of the SAC, and

6  on that basis, Defendant denies the remaining allegations.

7      24.    Defendant admits Viacom broadcast domestic MGA advertisements in

8  December 2015.  Defendant denies that it breached the alleged Beacon Domestic Ad

9  Sales Agreement.  Defendant lacks sufficient information to form a belief as to the

10  truth or falsity of the remaining allegations set forth in Paragraph 24 of the SAC, and

11  on that basis, Defendant denies the remaining allegations.

12      25.    Defendant lacks sufficient information to form a belief as to the truth or

13  falsity of the allegations set forth in Paragraph 25 of the SAC, and on that basis,

14  Defendant denies the allegations in their entirety.

15      26.    Defendant admits Haworth was an agent of MGA in 2015.  Defendant

16  lacks sufficient information to form a belief as to the truth or falsity of the remaining

17  allegations set forth in Paragraph 26 of the SAC, and on that basis, Defendant denies

18  the remaining allegations.

19      27.    Defendant lacks sufficient information to form a belief as to the truth or

20  falsity of the allegations set forth in Paragraph 27 of the SAC, and on that basis,

21  Defendant denies the allegations in their entirety.

22      28.    Defendant admits Viacom broadcast domestic MGA advertising in the

23  month of August 2015.  Defendant denies it breached the alleged Haworth Domestic

24  Ad Sales Agreement.  Defendant lacks sufficient information to form a belief as to the

25  truth or falsity of the remaining allegations set forth in Paragraph 28 of the SAC, and

26  on that basis, Defendant denies the remaining allegations.

27      29.    Defendant admits Viacom broadcast domestic MGA advertising in the

28  month of October 2015.  Defendant denies it breached the alleged Haworth Domestic

**Glaser Weil**

1173249

1 | Ad Sales Agreement.  Defendant lacks sufficient information to form a belief as to the

2 | truth or falsity of the remaining allegations set forth in Paragraph 29 of the SAC, and

3 | on that basis, Defendant denies the remaining allegations.

4 |      30.    Defendant admits Viacom broadcast domestic MGA advertising in the

5 | month of November 2015.  Defendant denies it breached the alleged Haworth

6 | Domestic Ad Sales Agreement.  Defendant lacks sufficient information to form a

7 | belief as to the truth or falsity of the remaining allegations set forth in Paragraph 30 of

8 | the SAC, and on that basis, Defendant denies the remaining allegations.

9 |      31.    Defendant admits MGA and Viacom International Media Networks, a

10 | division of Viacom International, Inc., are parties to a side letter agreement regarding

11 | international advertising commitment dated May 16, 2014.  Defendant avers the

12 | agreement speaks for itself.  Defendant lacks sufficient information to form a belief as

13 | to the truth or falsity of the remaining allegations set forth in Paragraph 31 of the

14 | SAC, and on that basis, Defendant denies the remaining allegations.

15 |      32.    Defendant lacks sufficient information to form a belief as to the truth or

16 | falsity of the allegations set forth in Paragraph 32 of the SAC, and on that basis,

17 | Defendant denies the allegations in its entirety.

18 |      33.    Defendant denies the allegations in Paragraph 33 of the SAC.

19 |      34.    Defendant denies the allegations in Paragraph 34 of the SAC.

20 |      35.    Defendant denies that it did not fulfill its obligations under the alleged

21 | International Ad Sales Agreement and denies that it breached the alleged International

22 | Ad Sales Agreement.  Defendant lacks sufficient information to form a belief as to the

23 | truth or falsity of the remaining allegations in Paragraph 35 of the SAC, and on that

24 | basis, Defendant denies the remaining allegations.

25 | **FIRST CLAIM FOR RELIEF**

26 | **(Breach of Contract)**

27 |      36.    Defendant incorporates the responses to the allegations in Paragraphs 1

28 | through 35 of the SAC as though set forth in full herein.

**Glaser Weil**

5

ANSWER TO SECOND AMENDED COMPLAINT

Exhibit 1    Page 11

1173249

Case 2:15-cv-09621-R-E    Document 52-2    Filed 06/20/16    Page 14 of 112    Page ID
Case 2:15-cv-09621-R-E    Document 23    Filed 04/21/16    Page 7 of 13    Page ID #:144
#:2086

1        37.    Defendant admits that it entered into the Co-Finance Agreement with

2    Viacom, and that the agreement was valid and binding at the time it was entered into.

3    Defendant lacks sufficient information to form a belief as to the truth or falsity of the

4    remaining allegations in Paragraph 37 of the SAC, and on that basis, Defendant

5    denies the remaining allegations.

6        38.    Defendant denies the allegations in Paragraph 38 of the SAC.

7        39.    Defendant denies the allegations in Paragraph 39 of the SAC.

8        40.    Defendant denies the allegations in Paragraph 40 of the SAC.

9            **SECOND CLAIM FOR RELIEF**

10           **(Breach of Contract)**

11       41.    Defendant incorporates the responses to the allegations in Paragraphs 1

12   through 40 of the SAC as though set forth in full herein.

13       42.    Defendant lacks sufficient information to form a belief as to the truth or

14   falsity of the allegations in Paragraph 42 of the SAC, and on that basis, Defendant

15   denies each and every allegation in its entirety.

16       43.    Defendant denies the allegations in Paragraph 43 of the SAC.

17       44.    Defendant denies the allegations in Paragraph 44 of the SAC.

18       45.    Defendant denies the allegations in Paragraph 45 of the SAC.

19       46.    Defendant denies the allegations in Paragraph 46 of the SAC.

20           **THIRD CLAIM FOR RELIEF**

21           **(Breach of Contract)**

22       47.    Defendant incorporates the responses to the allegations Paragraphs 1

23   through 46 of the SAC as though set forth in full herein.

24       48.    Defendant lacks sufficient information to form a belief as to the truth or

25   falsity of the allegations in Paragraph 48 of the SAC, and on that basis, Defendant

26   denies each and every allegation in its entirety.

27       49.    Defendant denies the allegations in Paragraph 49 of the SAC.

28       50.    Defendant denies the allegations in Paragraph 50 of the SAC.

**Glaser Weil**

51.   Defendant denies the allegations in Paragraph 51 of the SAC.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Contract)**

52.   Defendant incorporates the responses to the allegations Paragraphs 1 through 51 of the SAC as though set forth in full herein

53.   Defendant denies the allegations in Paragraph 53 of the SAC.

54.   Defendant denies the allegations in Paragraph 54 of the SAC.

55.   Defendant denies the allegations in Paragraph 55 of the SAC.

**AFFIRMATIVE DEFENSES**

Without admitting any wrongful conduct on the part of MGA, and without admitting that Viacom suffered any loss, damage, or injury, MGA hereby alleges the following affirmative defenses.  By designating the following affirmative defenses, MGA does not waive or limit any defenses which are, or may be, raised by their denials, allegations, and averments contained herein.  MGA does not, by alleging any affirmative defense, admit that Viacom does not have the burden of proof for any and all facts and/or legal conclusions underlying any of those defenses.  The defenses are pled in the alternative and are raised to preserve the rights of MGA to assert such defenses and are raised without prejudice to MGA's ability to raise other and further defenses

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.   Each and every purported claim for relief alleged in the SAC fails to state a cause of action against Defendant.

Glaser Weil

Case 2:15-cv-09621-R-E    Document 52-2    Filed 06/20/16    Page 16 of 112    Page ID
Case 2:15-cv-09621-R-E    Document 23    Filed 04/21/16    Page 9 of 13    Page ID #:146
#:2080

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3      2.      Each and every purported claim for relief alleged in the SAC is barred by

4   the doctrine of unclean hands.

5

## THIRD AFFIRMATIVE DEFENSE

6

### (Estoppel)

7      3.      Plaintiff's clams are barred by the doctrine of estoppel.

8

## FOURTH AFFIRMATIVE DEFENSE

9

### (Waiver)

10     4.      Plaintiff's claims are barred by the doctrine of waiver.

11

## FIFTH AFFIRMATIVE DEFENSE

12

### (Failure to Mitigate)

13     5.      Plaintiff, by its acts and omissions, has failed to mitigate its alleged

14   damages.

15

## SIXTH AFFIRMATIVE DEFENSE

16

### (Laches)

17     6.      Plaintiff's claims are barred by the doctrine of laches.

18

## SEVENTH AFFIRMATIVE DEFENSE

19

### (Failure to Join Indispensable Parties)

20     7.      Plaintiff failed to join indispensable parties, which are necessary to

21   Plaintiff's prosecution of its claims.

22

## EIGHTH AFFIRMATIVE DEFENSE

23

### (Statute of Limitations)

24     8.      The SAC, and each cause of action therein, is barred by the applicable

25   statute of limitations.

26

27

28

**Glaser Weil**

**NINTH AFFIRMATIVE DEFENSE**

**(Mistake)**

9.    Each and every purported claim for relief alleged in the SAC is barred by the doctrines of mistake of fact or mistake of law.

**TENTH AFFIRMATIVE DEFENSE**

**(Uncertain and Speculative Damages)**

10.    Defendant is informed and believes, and thereon alleges, that the damages claimed by Plaintiff are uncertain and speculative and thereby preclude calculation and recovery thereof.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Misconduct or Wrongdoing)**

11.    Defendant is informed and believes, and thereon alleges, that the damages complained of in the SAC, if any, were caused by the acts, omissions, and wrongdoing of Plaintiff and/or its employees, agents or predecessors and not any acts, omissions, or wrongdoing by Defendant.  Plaintiff is therefore solely responsible for any damages caused thereby.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Acts of Others)**

12.    Defendant is informed and believes, and thereon alleges, that the damages complained of in the SAC, if any, suffered by Plaintiff was proximately caused or contributed to by the conduct, acts, omissions, and/or activities of a third party and/or parties either named or unnamed, and any recovery obtained by Plaintiff should be barred and/or reduced according to law, up to and including the whole thereof.

Glaser Weil

1173249

9
ANSWER TO SECOND AMENDED COMPLAINT
Exhibit 1    Page 15

Case 2:15-cv-09621-R-E    Document 52-2    Filed 06/20/16    Page 18 of 112    Page ID
Case 2:15-cv-09621-R-E    Document 23    Filed 04/21/16    Page 11 of 13    Page ID #:148
#:2692

1         **THIRTEENTH AFFIRMATIVE DEFENSE**

2         **(Consent)**

3         13.    Defendant is informed and believes, and thereon alleges, that Plaintiff at

4  all times gave Plaintiff's consent, express or implied, to the acts, omissions, and

5  conduct alleged of Defendant in the SAC.

6         **FOURTEENTH AFFIRMATIVE DEFENSE**

7         **(Ratification)**

8         14.    Defendant is informed and believes, and thereon alleges, that Plaintiff

9  ratified the alleged acts of Defendant.

10        **FIFTEENTH AFFIRMATIVE DEFENSE**

11        **(Acquiescence)**

12        15.    Defendant is informed and believes, and thereon alleges, that Plaintiff

13  acquiesced to the alleged acts of Defendant.

14        **SIXTEENTH AFFIRMATIVE DEFENSE**

15        **(Defendant Complied with Laws)**

16        16.    Defendant is informed and believes, and thereon alleges, that Plaintiff's

17  claims against Defendant are barred because Defendant has complied, or substantially

18  complied, with all applicable laws.

19        **SEVENTEENTH AFFIRMATIVE DEFENSE**

20        **(Good Faith)**

21        17.    Defendant at all times acted in good faith.

22        **EIGHTEENTH AFFIRMATIVE DEFENSE**

23        **(No Damage)**

24        18.    Defendant is informed and believes, and thereon alleges, that Plaintiff

25  has not suffered, and will not suffer, any damages, by virtue of the conduct alleged

26  against Defendant.

27

28

**Glaser Weil**

1173249

## NINETEENTH FIRST AFFIRMATIVE DEFENSE

### (Reservation of Rights)

19.    Defendant is informed and believes, and therein alleges, that because the SAC herein is couched in conclusory terms, Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available and cannot fully anticipate all affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

## PRAYER

Wherefore, Defendant prays as follows:

1.    That Plaintiff takes nothing by virtue of its SAC;

2.    That the SAC and each cause of action therein be dismissed with prejudice;

3.    That Defendant be awarded costs of suit herein, including attorney's fees; and

4.    For such other and further relief as the Court deems just and proper.


DATED:  April 21, 2016                GLASER WEIL FINK HOWARD
                                       AVCHEN & SHAPIRO LLP


                                       By:  /s/ G. Jill Basinger
                                       PATRICIA L. GLASER
                                       G.JILL BASINGER
                                       CAMILLA Y. CHAN
                                            Attorneys for Defendant and
                                            Counterclaimant
                                       MGA Entertainment, Inc.

**Glaser Weil**

1173249

Case 2:15-cv-09621-R-E    Document 52-2    Filed 06/20/16    Page 20 of 112    Page ID
Case 2:15-cv-09621-R-E    Document 23    Filed 04/21/16    Page 13 of 13    Page ID #:150
#:2664

## **DEMAND FOR JURY TRIAL**

Defendant and Counterclaimant MGA Entertainment, Inc. demands a jury trial.

DATED:  April 21, 2016

GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP

By: /s/ G. Jill Basinger

PATRICIA L. GLASER
G. JILL BASINGER
CAMILLA Y. CHAN
    Attorneys for Defendant and
    Counterclaimant
    MGA Entertainment, Inc.

1173249

# EXHIBIT 2

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

VIACOM INTERNATIONAL, INC., A          )
DELAWARE CORPORATION,                  )
                                       )
                          PLAINTIFF,   )   CASE NO.
                                       )2:15-CV-09621-R (Ex)
            vs.                        )
                                       )
MGA ENTERTAINMENT, INC., A             )
CALIFORNIA CORPORATION,                )
                                       )
                          DEFENDANT.   )
_____)
                                       )
AND RELATED COUNTERCLAIMS.             )
_____)


VIDEOTAPED DEPOSITION OF ISAAC LARIAN

LOS ANGELES, CALIFORNIA

May 26, 2016

8:24 A.M.


Reported by:
Kristi Caruthers, CSR 10560
Job No: 44447

Exhibit 2   Page 19

ISAAC LARIAN

2

1

2

3          Isaac Larian

4          May 26, 2016

5          8:24 a.m.

6

7          Videotaped Deposition of Isaac

8     Larian, held at the offices of

9     Kendall Brill & Kelly 10100 Santa

10    Monica Boulevard, Suite 1725,

11    Los Angeles, California, pursuant

12    to notice, before Kristi Caruthers,

13    CLR, CSR Number 10560.

14

15

16

17

18

19

20

21

22

23

24

25

ISAAC LARIAN

75

1          Q.    Did MGA authorize the Beacon Media

2    Group, LLC to place advertising on MGA's behalf?

3          A.    What do you mean by that?  Please

4    explain.

5          Q.    Do you know what the word

6    "authorize" means?

7          A.    Yes.

8          Q.    So my question was:  Did MGA

9    authorize the Beacon Media Group to place

10   advertising?

11         A.    Please explain to me what "placing

12   advertising" means.  Define those two words.

13         Q.    Make contractual arrangements with

14   networks for the networks to air television

15   advertising with respect to MGA products.

16         A.    So when you say "advertising,"

17   you're just saying TV advertising?  Is that what

18   you're saying?  I'm trying to help you.

19         Q.    That's what I'm saying in that

20   question.

21         A.    Would you please ask your question

22   again.

23         Q.    Did MGA authorize the Beacon Media

24   Group, LLC to place television advertising on

25   MGA's behalf?

ISAAC LARIAN

76

1        A.    Yes.

2        Q.    And does it do so with respect to

3    advertising on Nickelodeon?

4        A.    Yes.

5            MS. BASINGER:  Objection; vague,

6    vague as to time.

7            THE WITNESS:  In general, yes, we

8    have.

9    BY MR. KENDALL:

10        Q.    And same question with respect to

11   Cartoon Network?

12        A.    What's the question regarding

13   Cartoon Network?

14        Q.    Did MGA authorize the Beacon Media

15   Group, LLC to place television advertising on the

16   Cartoon Network?

17        A.    What's Cartoon Network's relevance

18   to Nickelodeon in this lawsuit?

19        Q.    Answer the question, please.

20        A.    No, I need you to please tell me

21   the relevance before I tell you the answer.

22        Q.    You don't need me to do that.  I'm

23   entitled to ask the questions and --

24        A.    And I'm entitled for you to clarify

25   your question.

ISAAC LARIAN

237

STATE OF _____ )

                           )  :ss

COUNTY OF _____)



        I, ISAAC LARIAN, the witness

herein, having read the foregoing

testimony of the pages of this deposition,

do hereby certify it to be a true and

correct transcript, subject to the

corrections, if any, shown on the attached

page.


                    _____

                    ISAAC LARIAN



Sworn and subscribed to before me,

this _____ day of _____, 2016.


_____

        Notary Public

ISAAC LARIAN

238

1    State of California   )
                           )ss
2    County of Orange      )

3

4        I, KRISTI CARUTHERS, Certified Shorthand

5    Reporter, Certificate Number 10560, for the State

6    of California, hereby certify:

7        The foregoing proceedings were taken

8    before me at the time and place therein set forth,

9    at which time the deponent was placed under oath

10   by me;

11       The testimony of the deponent and all

12   objections made at the time of the examination

13   were recorded stenographically by me and were

14   thereafter transcribed;

15       The foregoing transcript is a true and

16   correct transcript of my shorthand notes so taken;

17       I further certify that I am neither

18   counsel for nor related to any party to said

19   action, nor in any way interested in the outcome

20   thereof.

21       IN WITNESS WHEREOF, I have hereunto

22   subscribed my name this 31st day of May, 2016.

23

24

25        *Kristi Caruthers*

# EXHIBIT 3

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

VIACOM INTERNATIONAL INC., a )
Delaware corporation,        )
                             )
      Plaintiff,             )
                             )
      vs.                    ) CASE NO.
                             ) 2:15-CV-09621-R (Ex)
MGA ENTERTAINMENT, INC., a   )
California corporation,      )
                             )
      Defendant.             )
                             )
AND RELATED COUNTERCLAIMS    )
                             )

VIDEOTAPED DEPOSITION OF ELLIE TROPE

LOS ANGELES, CALIFORNIA

May 27, 2016

9:31 a.m.

Reported by:
Kyung Lee-Green
CSR. No. 12655, CLR
Job No. 44449

Exhibit 3   Page 25

ELLIE TROPE

2

1                   UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

3          _____
                                       )
4   VIACOM INTERNATIONAL INC., a       )
    Delaware corporation,              )
5                                      )
         Plaintiff,                    )
6                                      )
         vs.                           )  CASE NO.
7                                      )  2:15-CV-09621-R (Ex)
    MGA ENTERTAINMENT, INC., a         )
8   California corporation,            )
                                       )
9        Defendant.                    )
    _____)
10

11

12

13

14

15          Videotaped deposition of ELLIE TROPE,

16   taken on behalf of Plaintiff and Counterdefendant

17   Viacom International Inc. at 10100 Santa Monica

18   Boulevard, Suite 1725, Los Angeles, California,

19   commencing at 9:31 a.m., and ending at 3:12 p.m.,

20   on Friday, May 27, 2016, before KYUNG LEE-GREEN,

21   Certified Shorthand Reporter No. 12655 for the

22   State of California, CLR.

23

24

25

ELLIE TROPE

92

BY MR. KENDALL:

Q   Do you know anything, even generally, of what Beacon does on behalf of MGA?

A   I believe they purchase media.

Q   Right.  And do you know who Erin Bloodgood is; right?

A   Yes.

Q   And among other things that she does, she communicates with Beacon about advertising that MGA wants to purchase; right?

MR. BEGAKIS:  Objection.  Foundation.

THE WITNESS:  Yes.

BY MR. KENDALL:

Q   And she authorizes Beacon to purchase advertising on behalf of MGA on various television networks; right?

MR. BEGAKIS:  Objection to the extent it calls for a legal conclusion or requires you to divulge anything you learned via privileged conversations.

Don't answer if it does.

THE WITNESS:  I can't answer then.

BY MR. KENDALL:

Q   Let me rephrase.

She tells Beacon to purchase advertising

ELLIE TROPE

158

STATE OF _____ )

                          )   :ss

COUNTY OF _____ )



        I, ELLIE TROPE, the witness

herein, having read the foregoing

testimony of the pages of this deposition,

do hereby certify it to be a true and

correct transcript, subject to the

corrections, if any, shown on the attached

page.



                    _____

                          ELLIE TROPE



Sworn and subscribed to before

me, this            day of

                    , 2016.


_____

        Notary Public

ELLIE TROPE

159

1                    REPORTER'S CERTIFICATION

2          I, Kyung Lee-Green, Certified Shorthand

3     Reporter, in and for the State of California, do

4     hereby certify:

5          That the foregoing witness was by me duly

6     sworn; that the deposition was then taken before me

7     at the time and place herein set forth; that the

8     testimony and proceedings were reported

9     stenographically by me and later transcribed into

10    typewriting under my direction; that the foregoing

11    is a true and correct record of the testimony and

12    proceedings taken at that time;

13         That before completion of the deposition,

14    review of the transcript ( ) was ( ) was not

15    requested; ( ) that the witness has failed or

16    refused to approve the transcript.

17         I further certify that I am not an attorney or

18    counsel of any parties, nor am I a relative or

19    employee of any attorney or counsel of the party

20    connected with the action, nor am I financially

21    interested in the action.

22         IN WITNESS WHEREOF, I have subscribed my name

23    this 2nd day of June, 2016.

24    _____

                      Kyung Lee-Green

25         Certified Shorthand Reporter No. 12655, CLR

# EXHIBIT 4

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT


VIACOM INTERNATIONAL, INC., A          )
DELAWARE CORPORATION,                  )
                                       )
                    PLAINTIFF,  )   CASE NO.
                                       )2:15-CV-09621-R (Ex)
            vs.                        )
                                       )
MGA ENTERTAINMENT, INC., A             )
CALIFORNIA CORPORATION,                )
                                       )
                    DEFENDANT. )
_____    )
AND RELATED COUNTERCLAIMS.             )
_____    )



VIDEOTAPED DEPOSITION OF PAUL CALDERA

Mahwah, New Jersey

MAY 25, 2016

9:05 A.M.



Reported by:
Josephine H. Fassett, CCR
Job No. 44607-A

Exhibit 4   Page 30

PAUL CALDERA

2

```
1     -------------------------------*

2     MGA ENTERTAINMENT, INC.,          )

3     a California corporation,         )

4              Counterclaimant,  )

5          vs.                          )

6     VIACOM INTERNATIONAL INC.,        )

7     a Delaware corporation;           )

8     DOES 1-10, inclusive,             )

9              Counterdefendants.)

10    -------------------------------*

11              Wednesday, May 25, 2016

12              Mahwah, New Jersey

13                  9:05 a.m.

14

15         T R A N S C R I P T   of the Highly

16    Confidential - Attorneys' Eyes Only 30(b)(6)

17    Deposition of PAUL CALDERA, on behalf of non-party

18    Beacon Media Group, LLC, taken pursuant to the

19    Federal Rules of Civil Procedure, held at the offices

20    of Regus Mahwah, One International Boulevard, Mahwah,

21    New Jersey, on Wednesday, May 25, 2016, commencing at

22    approximately 9:05 a.m., before Josephine H. Fassett,

23    a Certified Court Reporter, Registered Professional

24    Reporter, Certified Livenote Reporter and Notary

25    Public of the State of New Jersey.
```

PAUL CALDERA

23

1

2        Q.    Tell me how the billing works from the

3    network.   The networks invoice Beacon?

4        A.    Yes.   They invoice us first and we have

5    to match the buy and then we'll -- we'll invoice the

6    client.   They'll either pay on their own or they'll

7    pay us and we'll pay the network from that.

8

PAUL CALDERA

29

1

18          You're coming to Viacom and saying:  For

19    2015 our clients are going to spend $50 million in

20    the fall of 2015, that becomes a firm number once you

21    agree to it with Viacom, right?

22          A.    It's a firm noncancelable number, yes.

23          Q.    Okay.  And your clients understand that,

24    to your knowledge, right?

25          MS. CHAN:  Objection.  Calls for

PAUL CALDERA

30

1          speculation.

2          A.      They all do.

3          Q.      Tell me why you say that?  I mean, you

4    have discussions with them?

5          A.      Yes, we make that very clear.

6          Q.      Okay.

7          A.      Once ordered, it's noncancelable.

8          Q.      And every one of your clients, including

9    MGA, is aware of that?

10         A.      They --

11             MS. CHAN:  Objection.  Calls for

12         speculation.

13         A.      They are.

14         Q.      Okay.  What about the scatter buys?  Are

15   scatter buys also noncancelable?

16         A.      Yes, anything that's ordered is

17   noncancelable.  As long as -- when it's ordered, you

18   can't cancel it.  There are ways to try to get out of

19   it, but yeah, it's not cancelable.

PAUL CALDERA



31

14          Q.      But once the orders are -- once the
15    upfront orders are placed and/or the scatter orders
16    are placed, those orders are firm noncancelable,
17    right?
18          A.      Correct.

PAUL CALDERA

32

1

6      A.    We'll give them a spec sheet that lays

7   out the -- the flights for every client and the

8   amount of inventory they need in that particular

9   week.  We do that for every client.

15      Q.    You send them a spec sheet and -- laying

16   out the flights for each client and the inventory you

17   need per week, and the networks will send back some

18   sort of schedule?

19      A.    Correct.

20      Q.    Okay.  Is that schedule a media plan?

21      A.    Yeah.

PAUL CALDERA

33

14      Q.    And inventory per week, tell me what you

15   mean by that.

16      A.    The amount of GRPs that they need in that

17   particular week.  And that would be the amount of

18   spots that, that they, they would need from the

19   networks.

20      Q.    So GRPs are gross rating points?

21      A.    Right.

22      Q.    And that's figured out by what the

23   ratings are expected to be on a particular show or

24   time period?

25      A.    Correct.  That and based on the pricing

PAUL CALDERA

34

1    that we negotiated with the networks.

2        Q.    Okay.  So you're really buying GRPs when

3    you're buying time from the networks, right?

4        A.    Correct.

5        Q.    And if their ratings come in below the

6    GRPs you've bought, they need to give you make goods?

7        A.    Exactly.

8        Q.    And that's basically a free -- an

9    additional ad that runs at some other time?

10       A.    Yes.

11       Q.    Okay.

12       A.    It could run at the same time, but --

13       Q.    Okay.

14       A.    -- they're make goods, exactly.

15       Q.    Okay.  So inventory per week, you're

16   identifying in this particular week we need 50

17   GRPs -- I'm throwing a number, I don't know how, you

18   know, if that's reasonable or unreasonable.

19           But we need 50 GRPs in each of the three

20   weeks in this flight.  And when you're buying a

21   certain number of GRPs, internally you're thinking, I

22   want 50 GRPs.  There's a -- we're expecting a rating

23   of 5 for every hour, so we need 5 -- an ad in five

24   different shows, is that kind of how it works?

25       A.    Pretty much, yes.

PAUL CALDERA

35

1    Q.    Okay.  I'm sure it's a little more

2    complicated than that.

3    A.    A little more, but that's a general term

4    by a way of explaining it, yeah.

5    Q.    Okay.  I'm just trying to wrap my head

6    around it.

7    A.    Yeah.

8    Q.    So you're not buying -- well, strike

9    that.

10    For Viacom networks and for Nickelodeon,

11    or the Nick networks, you're not buying time in a

12    specific show, right?

13    A.    Correct.

14    Q.    You're not even buying time on a specific

15    day, are you?

16    A.    We can do that.  It's rare.  But no, in

17    general, no, we're not buying a specific day.

18    Q.    You're basically buying time in a week?

19    A.    We're buying a rotation, exactly.

20    Q.    Okay.

21    A.    We're buying like a Monday to Sunday or

22    Monday to Friday rotation from, say, you know, 6 to

23    9.  There's 9 to 2.  There's different types -- times

24    of day.

25    Q.    Right.

PAUL CALDERA

36

1          A.    It's not specific shows, no.

PAUL CALDERA

53

25              But Beacon was the agent authorized to

PAUL CALDERA

54

1    buy advertising on Viacom for MGA in 2015, correct?

2         A.    TV media, yes.

25         Q.    And the media that you purchased on

PAUL CALDERA

55

1    Viacom for MGA was firm noncancelable purchases,

2    right?

3          A.    Correct.

PAUL CALDERA

166

25          A.    Based on the media plans that I give

PAUL CALDERA

167

1    them, in turn I get a purchase order number to

2    purchase that media.

3        Q.    Okay.

4        A.    On the plan.

5        Q.    You get a purchase order from MGA or

6    from --

7        A.    MGA.

8        Q.    And that purchase order acts as your

9    official authorization and approval to buy that media

10   on their behalf?

11       A.    Correct.

12       Q.    Okay.  And you receive those purchase

13   orders -- you meaning Beacon -- receive those

14   purchase orders in connection with all the

15   advertising that Beacon placed on MGA's behalf on

16   Viacom in fall of 2015?

17       A.    Correct, other than the Haworth buy.

18       Q.    Okay.  The Haworth buy, we have a

19   separate letter saying you're authorized to handle

20   it.  Okay.

21       A.    Right.

PAUL CALDERA

185

9      Q.    In fact, based on what we talked about

10   earlier, the ad buy was for -- was by week, right?

11   That's the -- that's the flight or the -- I'm

12   forgetting the terminology.

13      A.    Yeah.

14      Q.    The flight was for a whole week, right?

15      A.    Yes.

16      Q.    So all that's promised is that a certain

17   number of ads will run during a particular week,

18   right?

19      A.    Correct.

20      Q.    So there is no promise that the ads were

21   going to run on November 2nd or November 3rd,

22   specifically, when the ad buy was purchased, correct?

23      A.    Right, it's possible that they weren't on

24   there.

25      Q.    And it's the case that Viacom, in fact,

PAUL CALDERA

186

1   aired all of the ads during the week that included

2   November 2nd and November 3rd that were purchased,

3   right, that was something that you audited at the

4   end?

5       A.    I believe they did, they just moved the

6   units to a different day of the week.

7       Q.    Okay.  So all the ads that were purchased

8   during that week did, in fact, run on Viacom?

9       A.    I believe that's the case.

10      Q.    And the purchase did not come with

11  specific ads to be run on November 2nd or

12  November 3rd?

13      A.    No.

14      Q.    So nothing was, in terms of what was

15  purchased, what was paid for and agreed to, nothing

16  was lost by that two-day cancellation, correct?

17      A.    As far as the guarantee on the media buy,

18  no.

PAUL CALDERA

188

C E R T I F I C A T E

I, JOSEPHINE H. FASSETT, a Certified

Court Reporter, Registered Professional Reporter,

Certified Livenote Reporter, and Notary Public within

and for the State of New Jersey, do hereby certify

that the witness, whose deposition is hereinbefore

set forth, was first duly sworn by me on the date

indicated, and that the foregoing deposition is a

true and accurate record of the testimony given by

such witness.


I FURTHER CERTIFY that I am not employed

by nor related to any of the parties to this action

by blood or marriage, and that I am in no way

interested in the outcome of this matter.


IN WITNESS WHEREOF, I have subscribed my

hand this 27th day of May 2016.


JOSEPHINE H. FASSETT, CCR, RPR
CCR License No. 30XI00098400
NCRA License No. 32148
New Jersey Notary Public

# EXHIBIT 5

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3
 4
 5
    VIACOM INTERNATIONAL INC.,  )
 6  A DELAWARE CORPORATION,     )
                                )
 7              PLAINTIFF,       )
                                )
 8    VS.                       )  CASE NO.
                                )  2:15-CV-09621-R (EX)
 9  MGA ENTERTAINMENT, INC., A  )
    CALIFORNIA CORPORATION,     )
10                              )
                DEFENDANT.      )
11  _____)
                                )
12  AND RELATED COUNTERCLAIM.   )
    _____)
13
14
          30(B)(6) DEPOSITION OF JUSTIN HALLILEY
15            AS DESIGNEE OF VIACOM INC.
            AND IN HIS INDIVIDUAL CAPACITY
16
17        (PAGES 1 - 258 AND 272 - 305)
18
19        DEPOSITION OF JUSTIN HALLILEY, TAKEN
20        ON BEHALF OF THE DEFENDANT, AT 10250
21        CONSTELLATION BOULEVARD, 19TH FLOOR,
22        LOS ANGELES, CALIFORNIA, COMMENCING
23        AT 9:35 A.M., WEDNESDAY, JUNE 1, 2016,
24        BEFORE MICHELLE DICHIRICO, CSR NUMBER
25        13779.
```

2


Kelli Norden and Associates
Court Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com   www.kellinorden.com

Exhibit 5   Page 49

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

```
 1    APPEARANCES OF COUNSEL:
 2
 3    FOR THE PLAINTIFF:
 4           KENDALL BRILL & KELLY, L.L.P.
             BY:  RANDALL L. JACKSON, ESQ.
 5           10100 SANTA MONICA BOULEVARD
             SUITE 1725
 6           LOS ANGELES, CALIFORNIA  90067
             310.556.2700
 7           RJACKSON@KBKFIRM.COM
 8           -- AND --
 9           VIACOM
             BY:  REBECCA F. GANZ, ESQ.
10           2600 COLORADO AVENUE
             SANTA MONICA, CALIFORNIA  90404
11           310.752.8330
             REBECCA.GANZ@VIACOM.COM
12
13
      FOR THE DEFENDANT:
14
             GLASER WEIL FINK HOWARD
15              AVCHEN & SHAPIRO, L.L.P.
             BY:  G. JILL BASINGER, ESQ. (NOT PRESENT)
16                NICHOLAS J. BEGAKIS, ESQ.
             10250 CONSTELLATION BOULEVARD
17           19TH FLOOR
             LOS ANGELES, CALIFORNIA  90067
18           310.553.3000
             JBASINGER@GLASERWEIL.COM
19           NBEGAKIS@GLASERWEIL.COM
20           -- AND --
21           M.G.A. ENTERTAINMENT, INC.
             BY:  ELLIE TROPE, ESQ.
22           16380 ROSCOE BOULEVARD
             SUITE 105
23           VAN NUYS, CALIFORNIA  91406
             818.894.2525
24           ETROPE@MGAE.COM
             (AT PAGE 12)
25
```

3



Kelli Norden and Associates
Court Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 50

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 09:53:05 | 1 | Q.   THAT'S A "YES"? |
| 09:53:05 | 2 | A.   YES. |
| 09:53:06 | 3 | Q.   AND WHEN DID THAT TAKE PLACE? |
| 09:53:08 | 4 | A.   LAST WEEK. |
| 09:53:09 | 5 | Q.   ABOUT HOW LONG DID IT LAST? |
| 09:53:12 | 6 | A.   TEN MINUTES. |
| 09:53:13 | 7 | Q.   WHAT WAS THE SUBSTANCE OF THAT |
| 09:53:16 | 8 | DISCUSSION? |
| 09:53:19 | 9 | A.   TO DISCUSS THE INVENTORY THAT WAS |
| 09:53:23 | 10 | PUT BACK INTO THE POOL OF INVENTORY AFTER M.G.A. |
| 09:53:28 | 11 | MOVED OUT OF ITS BRATZ BUY LAST NOVEMBER. |
| 09:53:42 | 12 | Q.   ALL RIGHT.  SO WHEN YOU SAY |
| 09:53:44 | 13 | INVENTORY THAT WAS PUT BACK IN INVENTORY, CAN YOU |
| 09:53:50 | 14 | EXPLAIN THAT FOR A LAYMAN LIKE ME WHO'S NOT IN THE |
| 09:53:51 | 15 | AD BUSINESS? |
| 09:53:51 | 16 | A.   SO AHEAD OF TIME, M.G.A. MADE A |
| 09:53:54 | 17 | COMMITMENT TO BUY A CERTAIN AMOUNT OF INVENTORY. |
| 09:53:59 | 18 | THAT INVENTORY, WE -- THEY CANCELED IN NOVEMBER |
| 09:54:07 | 19 | AND WERE CLEARLY NOT GOING TO CONTINUE TO USE OR |
| 09:54:12 | 20 | PAY FOR THAT INVENTORY. |
| 09:54:14 | 21 | THEREFORE, WE HAD TO PUT THAT |
| 09:54:17 | 22 | INVENTORY BACK INTO THE POOL OF INVENTORY, WHICH |
| 09:54:23 | 23 | THEN WE USE IN VARIOUS OTHER WAYS. |
| 09:54:23 | 24 | Q.   AND SO WHEN YOU SAY "MOVED OUT OF |
| 09:54:23 | 25 | ITS BRATZ BUY," THEY CANCELED THE BRATZ BUY; IS |

28

 Kelli Norden and Associates
Court Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard  Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 51

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 09:54:26 | 1 | THAT RIGHT? |
| 09:54:26 | 2 | A.   THEY CANCELED THE BRATZ BUY, YEAH. |
| 09:54:27 | 3 | Q.   AND THAT WAS SOMETHING THAT THEY |
| 09:54:30 | 4 | COULD DO? |
| 09:54:35 | 5 | A.   THEY'RE NOT SUPPOSED TO DO IT. |
| 09:54:37 | 6 | IT'S 100 PERCENT FIRM. |
| 09:54:37 | 7 | Q.   OKAY.  WHEN YOU SAY "THEY'RE NOT |
| 09:54:37 | 8 | SUPPOSED TO DO IT," WHAT DOES THAT MEAN? |
| 09:54:37 | 9 | A.   THAT MEANS THEY MADE A 100 PERCENT |
| 09:54:41 | 10 | FIRM COMMITMENT.  SO THEY'VE COMMITTED 100 PERCENT |
| 09:54:46 | 11 | TO STICK WITH WHAT THEY BUY. |
| 09:54:46 | 12 | THEY BUY IT.  WE DON'T LEASE OUR |
| 09:54:50 | 13 | INVENTORY.  THEY BUY OUR INVENTORY. |
| 09:54:50 | 14 | Q.   SO CAN YOU POINT ME TO A DOCUMENT |
| 09:54:53 | 15 | SOMEWHERE THAT SAYS -- THAT'S SIGNED BY M.G.A. |
| 09:54:57 | 16 | THAT SAYS THEY'RE MAKING A 100 PERCENT FIRM |
| 09:55:01 | 17 | COMMITMENT ON THIS AD? |
| 09:55:03 | 18 | A.   NOT BY M.G.A.  BUT BY THEIR AGENCY, |
| 09:55:07 | 19 | YES. |
| 09:55:07 | 20 | Q.   BUT AS YOU SIT HERE TODAY, BOTH |
| 09:55:10 | 21 | INDIVIDUALLY AND IN A 30(B)(6) CAPACITY, YOU'VE |
| 09:55:15 | 22 | NEVER SEEN A DOCUMENT SIGNED BY AN M.G.A. |
| 09:55:21 | 23 | REPRESENTATIVE PLACING A 100 PERCENT FIRM |
| 09:55:23 | 24 | COMMITMENT FOR ADVERTISING; IS THAT RIGHT? |
| 09:55:25 | 25 | A.   I DON'T BELIEVE SO, NO.  WE GET THE |

29



Kelli Norden and Associates
Court Reporters
310.820.7735 phone  310.820.7935 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 52

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 09:55:27 | 1 | MEDIA PLANS FROM THE AGENCY. |
| 09:55:33 | 2 | Q.    ANYTHING ELSE THAT YOU TALKED ABOUT |
| 09:55:37 | 3 | WITH MR. HALLOCK? |
| 09:55:39 | 4 | A.    NO. |
| 09:55:39 | 5 | Q.    AND WHEN YOU SAY YOU TALKED ABOUT |
| 09:55:41 | 6 | THE BRATZ BUY, WAS IT JUST GENERALLY THE DOLLAR |
| 09:55:41 | 7 | AMOUNTS AND WHAT YOU FOLKS DID WITH THE AIRTIME? |
| 09:55:41 | 8 | OR WERE THERE MORE SPECIFICS THAT |
| 09:55:46 | 9 | YOU TALKED ABOUT? |
| 09:55:46 | 10 | A.    NO, ABOUT THAT.  ABOUT THE AIRTIME |
| 09:55:48 | 11 | AND WHAT WE DID WITH THAT. |
| 09:55:50 | 12 | Q.    AS YOU SIT HERE TODAY, DO YOU |
| 09:55:52 | 13 | REMEMBER HOW MUCH AIRTIME IT WAS? |
| 09:55:54 | 14 | A.    IT WAS AROUND -- I THINK IT WAS |
| 09:55:56 | 15 | ABOUT 380,000. |
| 09:55:57 | 16 | Q.    AND DID YOU DISCUSS WITH |
| 09:56:03 | 17 | MR. HALLOCK WHAT YOU DID WITH THAT |
| 09:56:06 | 18 | 380,000 DOLLARS' WORTH OF AIRTIME? |
| 09:56:08 | 19 | A.    YES, I DID. |
| 09:56:08 | 20 | Q.    WHAT DID YOU FOLKS END UP DOING |
| 09:56:11 | 21 | WITH IT? |
| 09:56:12 | 22 | A.    IT WAS PUT BACK INTO THE POOL. |
| 09:56:15 | 23 | IT'S VERY DIFFICULT TO REALLY |
| 09:56:16 | 24 | ASSESS EXACTLY WHERE THAT SPECIFIC INVENTORY WENT |
| 09:56:20 | 25 | TO.  BUT IT WILL HAVE TO HAVE BEEN EITHER ON |

30



Kelli Norden and Associates
C o u r t   R e p o r t e r s
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 53

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

09:56:24  1    A.D.U.'S, WHICH IS AUDIENCE DEFICIENCY UNITS,
09:56:27  2    WHICH IS BASICALLY TO MAKE GOOD ANY OTHER CLIENTS'
09:56:29  3    CAMPAIGNS THAT ARE PACING AT A LOWER DELIVERY
09:56:34  4    LEVEL.
09:56:35  5           OR WE WILL PUSH OVER TO -- TO
09:56:38  6    DIRECT RESPONSE ADVERTISING.
09:56:39  7           Q.   AND WHAT IS DIRECT RESPONSE
09:56:39  8    ADVERTISING?
09:56:39  9           A.   DIRECT RESPONSE ADVERTISERS ARE
09:56:43  10   THOSE KIND OF ADVERTISERS THAT BUY LAST-MINUTE
09:56:48  11   KIND OF -- CANCELABLE.  YOU KNOW, IT'S -- IT'S NOT
09:56:50  12   GREAT TERMS.
09:56:51  13          IT'S CANCELABLE.  IT CAN BE FULLY
09:56:55  14   PREEMPTED.  IT'S NOT -- CANCELABLE BY US, I MEAN.
09:57:01  15   IT'S NOT GUARANTEED.  SO WE DON'T HAVE TO DO THAT
09:57:05  16   100 PERCENT GUARANTEE.
09:57:06  17          AND THERE'S VARIOUS OTHER CRITERIA
09:57:06  18   TO QUALIFY AS A DIRECT RESPONSE ADVERTISER, SUCH
09:57:06  19   AS HAVING AN IMMEDIATE CALL-TO-ACTION WEBSITE, BUY
09:57:09  20   NOW, SPECIAL OFFER THAT'S NOT AVAILABLE IN-STORE.
09:57:12  21          THAT KIND OF ADVERTISING WE SELL AT
09:57:15  22   A FRACTION OF WHAT WE WOULD SELL TO A TYPICAL
09:57:25  23   NATIONAL ADVERTISER LIKE M.G.A.
09:57:27  24          Q.   LET'S GO BACK TO A.D.U.'S FOR A
09:57:27  25   SECOND.

31



Kelli Norden and Associates
Court Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 54

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 13:13:39 | 1 | Q. THE WEEKLY DELIVERY FOR M.G.A. IN |
| 13:13:40 | 2 | THE KEY TIME PERIOD, THAT'S THIS CHART HERE? |
| 13:13:40 | 3 | A. CORRECT. |
| 13:13:40 | 4 | Q. AND THEN THE DOLLARS BY BRAND IN |
| 13:13:43 | 5 | THE TIME PERIOD, IS THAT THE SPREADSHEET THAT |
| 13:13:45 | 6 | WE'VE MARKED AS 602? |
| 13:13:48 | 7 | A. THAT'S CORRECT. |
| 13:13:49 | 8 | Q. ALL RIGHT. AND THEN THIS LAST |
| 13:13:51 | 9 | BULLET IS: |
| 13:13:51 | 10 | "E-MAILS FROM YEARS PRIOR, |
| 13:13:51 | 11 | CHASING PAYMENT AND SELL-OFF |
| 13:13:53 | 12 | REQUESTS/DEMANDS." |
| 13:13:54 | 13 | THOSE WERE E-MAILS THAT YOU |
| 13:13:55 | 14 | REVIEWED PRIOR TO THIS DEPOSITION? |
| 13:13:57 | 15 | A. YES. |
| 13:13:57 | 16 | Q. NOW, WITH REGARD TO EXHIBIT 601, IS |
| 13:14:02 | 17 | THIS YOUR HANDWRITING HERE? |
| 13:14:03 | 18 | A. I CAN'T SEE. |
| 13:14:04 | 19 | Q. SORRY. DOWN HERE IN "2-NOVEMBER"? |
| 13:14:08 | 20 | A. I THINK SO, YES. |
| 13:14:09 | 21 | Q. AND DO YOU REMEMBER WHY YOU CIRCLED |
| 13:14:12 | 22 | THOSE NUMBERS? |
| 13:14:13 | 23 | A. I DO. |
| 13:14:13 | 24 | Q. CAN YOU TELL ME? |
| 13:14:14 | 25 | A. THAT WAS THE WEEK WHERE DUE TO THE |

139



Kelli Norden and Associates
Court Reporters
310.820.7733 phone 310.820.7933 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 55

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 13:14:18 | 1 | LACK OF PAYMENT, THE TWO DAYS DURING THAT WEEK, WE |
| 13:14:20 | 2 | PULLED M.G.A.'S -- M.G.A. SUPPORT PENDING RECEIPT |
| 13:14:27 | 3 | OF THE OUTSTANDING PAYMENT FOR AUGUST. |
| 13:14:31 | 4 | MR. JACKSON:  THAT'S IN HIS |
| 13:14:33 | 5 | INDIVIDUAL CAPACITY. |
| 13:14:33 | 6 | BY MR. BEGAKIS: |
| 13:14:34 | 7 | Q.   AND YOUR UNDERSTANDING IN YOUR |
| 13:14:36 | 8 | INDIVIDUAL CAPACITY, SIR, IS THAT THE ONLY REASON |
| 13:14:40 | 9 | THAT YOU PULLED THOSE ADVERTISEMENTS WAS FOR LACK |
| 13:14:43 | 10 | OF PAYMENT FOR THE ADVERTISEMENTS THEMSELVES? |
| 13:14:49 | 11 | A.   CORRECT. |
| 13:14:49 | 12 | Q.   REMEMBER THAT POINT.  WE'LL COME |
| 13:14:49 | 13 | BACK TO IT. |
| 13:14:50 | 14 | SO YOU CIRCLED THIS BECAUSE THIS IS |
| 13:14:53 | 15 | THE DISPUTED PERIOD; IS THAT RIGHT? |
| 13:14:54 | 16 | A.   I CIRCLED THAT BECAUSE THAT |
| 13:14:58 | 17 | DEMONSTRATES ONCE THEY PAID THEIR BILLS, WE MADE |
| 13:15:02 | 18 | SURE THAT WITHIN THAT WEEK, WE GAVE THEM ALL OF |
| 13:15:06 | 19 | THE POINTS, THE IMPRESSIONS THEY HAD ORIGINALLY |
| 13:15:08 | 20 | ORDERED, DESPITE MISSING TWO DAYS, AND STILL |
| 13:15:09 | 21 | MANAGED TO OVER-DELIVER FOR THEM. |
| 13:15:09 | 22 | Q.   SO YOU PULLED THEIR ADS FOR A |
| 13:15:11 | 23 | TWO-DAY PERIOD; IS THAT CORRECT? |
| 13:15:14 | 24 | A.   THAT'S CORRECT. |
| 13:15:15 | 25 | Q.   AND THEN YOU HAD TO PUMP UP THE ADS |

140



Kelli Norden and Associates
C o u r t   R e p o r t e r s
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 56

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

13:15:18  1    IN THE BACK END OF THAT WEEK TO MAKE UP FOR IT?

13:15:22  2              A.    ESSENTIALLY, YES, THAT'S WHAT WE

13:15:23  3    DID.

13:15:23  4              Q.    DO YOU SEE A PROBLEM WITH THAT

13:15:23  5    BECAUSE THE ADS AREN'T EVENLY DISTRIBUTED THROUGH

13:15:24  6    THE COURSE OF THE WEEK?

13:15:24  7              A.    NO.    OFTEN, M.G.A. HOLDS THEIR

13:15:26  8    SPECS OR EVEN HOLDS CREATIVE SO THAT THEY CAN

13:15:33  9    BACKLOAD THEIR ADVERTISING; SO IT'S IN LINE WITH

13:15:36  10   WHAT THEY USUALLY WANT US TO DO, ANYWAY.

13:15:39  11             AND WHERE THERE'S -- WE DON'T

13:15:40  12   GUARANTEE ON EVEN SPREAD ACROSS A WEEK ON A

13:15:45  13   CAMPAIGN, ANYWAY.    THAT'S NOT HOW IT'S BOUGHT.

13:15:46  14             Q.    WHAT DO YOU GUARANTEE?

13:15:48  15             A.    WE GUARANTEE, ACROSS THE WHOLE

13:15:50  16   CAMPAIGN, DELIVERY OF THE BOUGHT IMPRESSIONS.    WE

13:15:52  17   ENDEAVOR TO DELIVER AS EQUITABLY AS POSSIBLE

13:15:57  18   ACROSS THE WEEKS.

13:15:59  19             Q.    SO THIS -- THIS CHART, IT JUST HAS

13:16:04  20   PERCENTAGE VALUES, BEACON DELIVERY AND HAWORTH

13:16:08  21   DELIVERY?

13:16:09  22             A.    YEAH.

13:16:09  23             Q.    THOSE ARE BASED ON ALGORITHMS OR

13:16:09  24   THEY'RE BASED ON INFORMATION THAT COMES FROM THIS

13:16:09  25   BIG MASTER CHART; IS THAT RIGHT?

141

 Kelli Norden and Associates
Court Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com          Exhibit 5   Page 57

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 14:19:08 | 1 | MEAN IT'S NOTHING TO DO WITH ME, AND I HAVE A |
| 14:19:11 | 2 | MILLION OTHER THINGS I HAVE TO DEAL WITH. |
| 14:19:46 | 3 | Q.   CAN YOU JUST TELL ME GENERALLY WHAT |
| 14:19:48 | 4 | YOUR RECOLLECTION IS OF THE SERIES OF EVENTS -- |
| 14:19:51 | 5 | AND WE'LL GET INTO SOME DOCUMENTS -- BUT THE |
| 14:19:54 | 6 | SERIES OF EVENTS STARTING ON NOVEMBER -- ON OR |
| 14:19:56 | 7 | AROUND NOVEMBER 2ND WHERE THE ADVERTISING WAS |
| 14:20:02 | 8 | SUSPENDED? |
| 14:20:03 | 9 | MR. JACKSON:   IN YOUR INDIVIDUAL |
| 14:20:05 | 10 | CAPACITY. |
| 14:20:06 | 11 | MR. BEGAKIS:   NO. |
| 14:20:06 | 12 | MR. JACKSON:   HE'S NOT DESIGNATED. |
| 14:20:19 | 13 | MR. BEGAKIS:   OKAY.   HE'S |
| 14:20:20 | 14 | DESIGNATED ON RESUMING THE ADVERTISING BUT, |
| 14:20:24 | 15 | APPARENTLY, NOT SUSPENDING THE ADVERTISING. |
| 14:20:28 | 16 | IS THAT WHAT YOU'RE -- |
| 14:20:28 | 17 | MR. JACKSON:   THAT'S WHAT HE'S |
| 14:20:28 | 18 | DESIGNATED ON. |
| 14:20:28 | 19 | MR. BEGAKIS:   ALL RIGHT.   WHO'S GOT |
| 14:20:29 | 20 | 19? |
| 14:20:29 | 21 | MR. JACKSON:   SARAH. |
| 14:20:29 | 22 | BY MR. BEGAKIS: |
| 14:20:30 | 23 | Q.   OKAY.   TELL ME IN YOUR INDIVIDUAL |
| 14:20:32 | 24 | CAPACITY, THEN, WHAT YOU RECALL IN THE TIME FRAME |
| 14:20:35 | 25 | LEADING UP TO THAT SUSPENSION. |

193



Kelli Norden and Associates
Court Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard  Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 58

## CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 14:20:37 | 1 | A.   SO FROM WHAT I RECALL IS WE |
| 14:20:42 | 2 | CHECK -- WE CHECKED IN WITH CREDIT TO SEE -- WE |
| 14:20:45 | 3 | CHECKED IN WITH CREDIT TO SEE WHERE WE WERE ON |
| 14:20:49 | 4 | PAYMENTS FOR THE MEDIA. |
| 14:20:51 | 5 | AND OUR CREDIT TEAM SAID -- OR OUR |
| 14:20:57 | 6 | FINANCE TEAM TOLD ME THAT THEY HAVE -- SO FAR |
| 14:21:00 | 7 | THERE ARE STILL INVOICES OUTSTANDING FROM M.G.A. |
| 14:21:03 | 8 | AND ONCE WE GOT TO THE POINT OF |
| 14:21:07 | 9 | NOVEMBER -- SORRY -- OF OCTOBER 29TH, HEADING INTO |
| 14:21:12 | 10 | THE WEEKEND BECAUSE OUR LOGS CLOSE IN THE |
| 14:21:15 | 11 | AFTERNOON OF THE THURSDAY, WE KNEW THAT THE |
| 14:21:19 | 12 | FOLLOWING MONDAY WAS THE SECOND.  SO IT WOULD BE |
| 14:21:22 | 13 | WELL INTO THE POST-60-DAY TIME PERIOD. |
| 14:21:27 | 14 | SO I SENT, FROM WHAT I RECALL, |
| 14:21:30 | 15 | COMMUNICATION TO BEACON CHASING FOR A PAYMENT, |
| 14:21:36 | 16 | CHASING FOR AN UPDATE.  THERE WERE NO UPDATES. |
| 14:21:40 | 17 | THERE WAS NO CONFIRMATION THAT PAYMENT -- PAYMENTS |
| 14:21:43 | 18 | WERE BEING SENT. |
| 14:21:44 | 19 | AND THEREFORE, IN ORDER TO STOP THE |
| 14:21:46 | 20 | ADVERTISING ON NOVEMBER 2ND, I HAD TO GIVE THAT -- |
| 14:21:50 | 21 | YOU KNOW, IT -- WITHOUT THE PAYMENT COMING IN OR |
| 14:21:56 | 22 | NOTE OF THE PAYMENT COMING IN NOVEMBER 29TH, I |
| 14:22:01 | 23 | GAVE THE INSTRUCTION THAT WE NEEDED TO PULL THEIR |
| 14:22:06 | 24 | ADVERTISING THE WEEKEND OF -- WEEK OF |
| 14:22:08 | 25 | NOVEMBER 2ND. |

194



Kelli Norden and Associates
C o u r t   R e p o r t e r s
310.820.7735 phone  310.820.7933 fax
11835 W. Olympic Boulevard  Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 59

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

```
15:23:39   1          "IN VIEW OF THIS, OUR
15:23:41   2      EXPECTATION IS THAT WE WILL
15:23:41   3      RECEIVE FULL PAYMENT FROM M.G.A.
15:23:43   4      FOR THE OUTSTANDING MEDIA
15:23:45   5      INVOICES.
15:23:46   6          "I BELIEVE THE AMOUNT
15:23:47   7      OUTSTANDING FROM AUGUST IS
15:23:52   8      351,000.  PLEASE CONFIRM THAT WE
15:23:52   9      WILL RECEIVE PAYMENT IMMEDIATELY
15:23:52  10      AND WE CAN MOVE FORWARD AS GOOD
15:23:52  11      PARTNERS."
15:23:57  12          DO YOU SEE THAT?
15:23:57  13      A.   YES, I DO.
15:23:57  14      Q.   SO YOU ARE, IN FACT, THE PERSON
15:24:00  15  MOST KNOWLEDGEABLE REGARDING GETTING THE ADS BACK
15:24:03  16  ON THE AIR ON NOVEMBER 4TH; CORRECT?
15:24:07  17      A.   CORRECT.
15:24:07  18      Q.   AND WHY DID YOU DECIDE TO DO THAT?
15:24:09  19      A.   FROM WHAT I CAN RECALL, I HAD HAD
15:24:11  20  PHONE CONVERSATIONS WITH EITHER PAUL OR SHELLY OR
15:24:16  21  BOTH OF THEM ASSURING ME THAT PAYMENT WOULD BE
15:24:18  22  COMING THROUGH AND ASKING US TO GET THEM BACK ON
15:24:22  23  AIR AND GET THEM ACTIVE AGAIN.
15:24:25  24      Q.   AND THOSE CONVERSATIONS DID NOT
15:24:27  25  INCLUDE ANY MENTION WHATSOEVER OF CONSUMER
```

243



Kelli Norden and Associates
Court Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com   www.kellinorden.com

Exhibit 5   Page 60

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 16:04:53 | 1 | QUESTION.  WHAT ARE YOU -- WHAT YOU'RE TALKING |
| 16:04:54 | 2 | ABOUT? |
| 16:04:54 | 3 | Q.   SURE.  AS YOU SIT HERE TODAY, CAN |
| 16:04:56 | 4 | YOU TELL ME WITH REGARD TO EACH OF THE TEN BRANDS |
| 16:04:58 | 5 | THAT YOU JUST NAMED WHAT SPOTS RAN AT WHAT TIMES |
| 16:05:02 | 6 | FROM NOVEMBER 4TH THROUGH THE END OF THE CALENDAR |
| 16:05:07 | 7 | YEAR? |
| 16:05:07 | 8 | A.   IF WE LOOKED AT THE LOGS OR IF WE |
| 16:05:10 | 9 | LOOKED AT THE M.S.A.'S, WE WILL BE ABLE TO DO THAT |
| 16:05:15 | 10 | NOW BECAUSE IT HAS HAPPENED.  THEY HAVE RUN. |
| 16:05:17 | 11 | Q.   AND THE LOGS ARE GENERATED HOW? |
| 16:05:19 | 12 | A.   THEY ARE GENERATED FROM THE -- |
| 16:05:21 | 13 | THERE WAS A SYSTEM.  I FORGET THE NAME OF IT. |
| 16:05:25 | 14 | IT'S NOW CALLED WIDE ORBIT. |
| 16:05:30 | 15 | BUT BASICALLY, IT IS MANAGED BY OUR |
| 16:05:32 | 16 | TRAFFIC DEPARTMENT.  AND THAT HAS A RECORD OF |
| 16:05:34 | 17 | EVERY UNIT THAT'S RUN EVERY SINGLE DAY BY CLIENT |
| 16:05:38 | 18 | AND BY BRAND. |
| 16:05:40 | 19 | AND THEN THE M.S.A.'S HAVE THAT |
| 16:05:42 | 20 | INFORMATION ON THEM, AS WELL.  THOSE ARE PULLED |
| 16:05:43 | 21 | FROM THAT SYSTEM. |
| 16:05:44 | 22 | Q.   OTHER THAN THOSE -- I'M SORRY. |
| 16:05:44 | 23 | BUT YOU DON'T HAVE THAT INFORMATION |
| 16:05:47 | 24 | AS YOU SIT HERE TODAY BEYOND THE DOLLAR VALUES IN |
| 16:05:51 | 25 | EXHIBIT 602, WHICH YOU HAVE IN FRONT OF YOU; |

286



Kelli Norden and Associates
Court  Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard  Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 61

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 16:06:44 | 1 | CLEAR TO YOU THAT THE BRATZ ADVERTISEMENTS NEEDED |
| 16:06:46 | 2 | TO BE CANCELED? |
| 16:06:47 | 3 | A.   THERE WAS -- IN THE E-MAILS THAT WE |
| 16:06:50 | 4 | JUST REVIEWED FROM ISAAC AND FROM PAUL. |
| 16:06:55 | 5 | Q.   AND SO YOU DIDN'T RUN ANY BRATZ |
| 16:06:58 | 6 | ADVERTISEMENTS FOLLOWING THE CANCELLATION? |
| 16:07:02 | 7 | A.   NO, WE DID RUN BRATZ ADVERTISING. |
| 16:07:04 | 8 | Q.   WHEN -- FOR WHAT PERIOD OF TIME? |
| 16:07:08 | 9 | A.   WE CONTINUED ON FROM WHEN THE DATE |
| 16:07:10 | 10 | OF THESE E-MAILS WERE -- I WOULD HAVE TO REFER |
| 16:07:13 | 11 | BACK TO THE EXACT DATES -- UP UNTIL 11/23. |
| 16:07:18 | 12 | UP TO THE POINT OF 11/23, WE DID |
| 16:07:21 | 13 | AGREE, EVENTUALLY, TO PULL BRATZ-SPECIFIC BRAND |
| 16:07:24 | 14 | ADVERTISING BUT NOT THE OTHER BRANDS. |
| 16:07:28 | 15 | MR. BEGAKIS:  LET'S MARK ONE MORE. |
| 16:07:28 | 16 | BY MR. BEGAKIS: |
| 16:08:14 | 17 | Q.   ALL RIGHT.  I'VE ONLY GOT ONE COPY |
| 16:08:16 | 18 | OF THIS, SO I'M GOING TO READ SOME OF THIS INTO |
| 16:08:20 | 19 | THE RECORD, AND THEN I'LL LET YOU TAKE A LOOK AT |
| 16:08:23 | 20 | IT. |
| | 21 | IT'S GOING TO BE -- |
| | 22 | DEPOSITION OFFICER:  621. |
| | 23 | MR. BEGAKIS:  -- 621.  IT BEARS THE |
| | 24 | BATES LABEL VIACOM 56849. |
| | 25 | /// |

288



Kelli Norden and Associates
C o u r t   R e p o r t e r s
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard  Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 62

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

| | | |
|---|---|---|
| 16:09:07 | 1 | INCLUDING BY ATTEMPTING TO |
| 16:09:08 | 2 | RE-SELL ADVERTISING FOR WHICH |
| 16:09:11 | 3 | M.G.A. IS REFUSING TO PAY. |
| 16:09:13 | 4 | "IN THIS REGARD, PLEASE NOTE |
| 16:09:15 | 5 | AS FOLLOWS: |
| 16:09:15 | 6 | "NUMBER ONE:  BRATZ AND |
| 16:09:17 | 7 | LALALOOPSY DANCE WITH ME |
| 16:09:18 | 8 | ADVERTISING. |
| 16:09:20 | 9 | "ON NOVEMBER 3, 2015, ISAAC |
| 16:09:25 | 10 | LARIAN INFORMED NICK THAT M.G.A. |
| 16:09:25 | 11 | HAD MOVED ITS BRATZ ADVERTISING |
| 16:09:25 | 12 | TO ANOTHER NETWORK AND THAT, AS A |
| 16:09:25 | 13 | RESULT, M.G.A. WOULD 'NO LONGER |
| 16:09:25 | 14 | TV ADVERTISE BRATZ ON NICK FOR |
| 16:09:33 | 15 | THE REST OF THE YEAR.' |
| 16:09:36 | 16 | "THIS POSITION WAS CONFIRMED |
| 16:09:38 | 17 | BY MR. LARIAN ON NOVEMBER 10TH." |
| 16:09:43 | 18 | YOU JUST TOLD ME, THOUGH, THAT |
| 16:09:46 | 19 | BRATZ CONTINUED TO RUN THROUGH NOVEMBER 23RD; |
| 16:09:49 | 20 | CORRECT? |
| 16:09:50 | 21 | A.    CORRECT. |
| 16:09:50 | 22 | Q.    AND WHY, THEN, AFTER MR. LARIAN |
| 16:09:55 | 23 | INSTRUCTED YOU AS EARLY AS NOVEMBER 3RD -- IN, |
| 16:09:59 | 24 | APPARENTLY, YOUR COUNSEL'S WORDS -- TO CANCEL THE |
| 16:10:00 | 25 | ADVERTISEMENTS, DID YOU CONTINUE TO RUN THEM FOR |

290



Kelli Norden and Associates
Court Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard Suite 680E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 63

CONFIDENTIAL DEPOSITION OF JUSTIN HALLILEY

```
 1   STATE OF CALIFORNIA   )
                           )SS
 2   COUNTY OF LOS ANGELES)

 3

 4

 5

 6                  DEPONENT'S DECLARATION

 7

 8

 9         I CERTIFY UNDER PENALTY OF PERJURY THAT

10   THE FOREGOING IS TRUE AND CORRECT.

11

12

13

14

15   EXECUTED AT ____10 55 am____ ON __6/20/16__.

16

17

18

19                        _____
                          (SIGNATURE OF DEPONENT)
20

21

22

23

24

25
                                                    304
```



Kelli Norden and Associates
Court Reporters
310.820.7755 phone  310.820.7055 fax
11835 W. Olympic Boulevard  Suite 660L
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 64

| PAGE | LINE | CORRECTION | REASON FOR CHANGE |
|---|---|---|---|
| 39 | 18 | "amount of" → "value" | typo |
| 119 | 13 | add "non" before "cancelable" | missing word |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Exhibit 5   Page 65

DEPOSITION OF JUSTIN HALLILEY

1    STATE OF CALIFORNIA   )
                           )SS
2    COUNTY OF LOS ANGELES )

3

4          I, MICHELLE DICHIRICO, CERTIFIED

5    SHORTHAND REPORTER, CERTIFICATE NUMBER 13779, FOR

6    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

7          THE FOREGOING PROCEEDINGS WERE TAKEN

8    BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH,

9    AT WHICH TIME THE DEPONENT WAS PLACED UNDER OATH

10   BY ME;

11         THE TESTIMONY OF THE DEPONENT AND ALL

12   OBJECTIONS MADE AT THE TIME OF THE EXAMINATION

13   WERE RECORDED STENOGRAPHICALLY BY ME AND WERE

14   THEREAFTER TRANSCRIBED;

15         THE FOREGOING TRANSCRIPT IS A TRUE AND

16   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

17         I FURTHER CERTIFY THAT I AM NEITHER

18   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID

19   ACTION, NOR IN ANY WAY INTERESTED IN THE OUTCOME

20   THEREOF.

21         IN WITNESS WHEREOF, I HAVE HEREUNTO

22   SUBSCRIBED MY NAME THIS 6TH DAY OF JUNE, 2016.

23

24

25   _____

305



Kelli Norden and Associates
Court Reporters
310.820.7733 phone  310.820.7933 fax
11835 W. Olympic Boulevard Suite 660E
Los Angeles, California 90064
kna@kellinorden.com  www.kellinorden.com

Exhibit 5   Page 66

# EXHIBIT 6

Message

| | |
|---|---|
| **From:** | Isaac Larian (President / CEO) [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=USERD7A2EF64] |
| **Sent:** | 11/3/2015 9:54:24 PM |
| **To:** | Steve Schultz [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=46ceb6ebe0584d059c6e9f03f376112e-Steve Schultz] |
| **CC:** | Ellie Trope [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=8daa761ada6b4ba1a598ae2c34a53c30-Ellie Trope] |
| **Subject:** | Re: MGA |

Send the $351

Best Regards

Isaac Larian
CEO
MGA Entertainment
818-894-3150
" Fortune favors the bold"
Twitter: @isaaclarian

On Nov 3, 2015, at 1:43 PM, Steve Schultz <SSchultz@mgae.com> wrote:
August airings = $351,382.35 and was due 9-30
September airings = $1,266,352.95 and was due 10-28

**From:** Isaac Larian (President / CEO)
**Sent:** Tuesday, November 03, 2015 1:00 PM
**To:** Ellie Trope <etrope@mgae.com>
**Cc:** Steve Schultz <SSchultz@mgae.com>
**Subject:** Fwd: MGA



Begin forwarded message:

Exhibit 5   Page 67

MGA0045647

**From:** "Halliley, Justin" <Justin.Halliley@nick.com>
**Date:** November 3, 2015 at 12:54:39 PM PST
**To:** Paul Caldera <pcaldera@thebeaconmg.com>, 'Shelly Hirsch' <shirsch@thebeaconmg.com>
**Cc:** "'Isaac Larian (President / CEO)'" <LarianI1@mgae.com>
**Subject: RE: MGA**

Gents,

Following our telephone conversation I can now confirm  we are able to get MGA advertising back on air tomorrow (Wednesday). In view of this, our expectation is that we will receive full payment from MGA for the outstanding media invoices. I believe the amount outstanding from August is $351,000. Please confirm that we will receive payment immediately and we can move forward as good partners.


Best regards. Justin.


**Justin Halliley**
Vice President, Sales & Marketing
nickelodeon
Off: 212-846-7174
Cel: 917-656-7874

> **From:** Paul Caldera [mailto:pcaldera@thebeaconmg.com]
> **Sent:** Tuesday, November 03, 2015 3:22 PM
> **To:** Halliley, Justin; 'Shelly Hirsch'
> **Cc:** 'Isaac Larian (President / CEO)'
> **Subject:** RE: MGA
>
> Justin-
> Just confirming that MGA media has been pulled off the air starting yesterday and you're looking for us to replace dollars?
> Because , we just got a call from Isaac who spoke to Sarah Levy who instructed him that he hasn't been pulled off air and that the Lalaloopsy Show dispute has nothing to do with the media that is currently running.
> Please verify this issue asap and give us the correct information.
> Thank you.
>
> -Paul
>
> **From:** Halliley, Justin [mailto:Justin.Halliley@nick.com]
> **Sent:** Thursday, October 29, 2015 5:01 PM
> **To:** Shelly Hirsch; Paul Caldera (pcaldera@thebeaconmg.com)
> **Subject:** MGA
>
> Hi Shelly,
>
> As discussed, in view of the recent corporate conversations concerning MGA's failure to make required payments to Viacom, we will not be able to continue to run any MGA advertising as of 11/2/15. We will reallocate the inventory for next week into latter weeks (within Q4) and continue to do so in ensuing weeks until the current payment situation is resolved.

Exhibit 5   Page 68

MGA0045648

Thanks. Justin.


**Justin Halliley**
Vice President, Sales & Marketing
nickelodeon
Off: 212-846-7174
Cel: 917-656-7874

Exhibit 5    Page 69

MGA0045649

# EXHIBIT 7

**Paul Caldera**

| | |
|---|---|
| **From:** | Ellie Trope <etrope@mgae.com> |
| **Sent:** | Monday, November 30, 2015 12:36 PM |
| **To:** | Hime, Adam |
| **Cc:** | Erin Bloodgood; Shelly Hirsch; Paul Caldera |
| **Subject:** | MGA and Viacom |

Hi Adam-I hope you had a good holiday. I am copying my internal business person along with Beacon so we can all be on the same page. It seems that there has been too many involved and too much confusion.

The last update I have had is that all that remains to be run through the end of the year are Little Tikes spots on 12/7 & 12/14.

Erin, Shelly and Paul, if anything new has taken place since last week, please let us all know.

Thank you very much.

Ellie Trope
General Counsel
MGA Entertainment, Inc.
16380 Roscoe Blvd., Suite 102
Van Nuys, CA 91406
(818) 894-2525 x6778
Fax: (818) 895-0771

1

Exhibit 7   Page 70



THE BEACON MEDIA GROUP
ONE INTERNATIONAL BLVD, SUITE 1110
MAHWAH, NJ 07495
P: 201-335-0032

# AUTHORIZATION FOR MEDIA PLACEMENT

**THE BEACON MEDIA GROUP, LLC.**
IS HEREBY AUTHORIZED TO PLACE THE MEDIA DETAILED BELOW ON BEHALF OF:

**MGA Entertainment**
16380 Roscoe Blvd.
Suite 150
Van Nuys, CA  91406

| | |
|---|---|
| DATE: | Oct-22-15 |
| MEDIA: | Cable Kid, Unwired |
| PRODUCT: | *BRATZ (incremental #2)* |
| AUTHORIZATION #: | BM-15-147 |
| PERIOD COVERED: | 9/14 - 11/29 |
| MEDIUMS: | Nickelodeon, Teennick, Nick at Nite, Disney Channel, Unwired. |

| PRODUCT | PO# | Flight | Gross TV | Net TV | Comm | Net+Comm |
|---|---|---|---|---|---|---|
| BRATZ | P00136206 | 9/14 - 11/29 | $2,294,650 | $1,950,453 | $49,547 | $2,000,000 |

| | | | |
|---|---|---|---|
| GROSS EXPENDITURE: | $2,294,650 | | |
| NET EXPENDITURE: | | $1,950,453 | |
| AGY COM TV/UNWIRED: | | | $49,547 |
| **TOTAL DUE NET+COMM:** | | | $2,000,000 |

Approved by:

_____     _____     _____
Signature                          Please Print Name                 Date

**PLEASE RETURN VIA FAX TO 201-335-0033**

NOTE:  BEACON MEDIA IS ACTING AGENT ONLY AND DOES NOT TAKE LIABILITY
FOR CLIENT.

Exhibit 7   Page 71

31

BEACON00611



THE BEACON MEDIA GROUP
ONE INTERNATIONAL BLVD, SUITE 1110
MAHWAH, NJ 07495
P: 201-335-0032

## AUTHORIZATION FOR MEDIA PLACEMENT

**THE BEACON MEDIA GROUP, LLC.**
IS HEREBY AUTHORIZED TO PLACE THE MEDIA DETAILED BELOW ON BEHALF OF:

**MGA Entertainment**
16380 Roscoe Blvd.
Suite 150
Van Nuys, CA  91406

| | |
|---|---|
| DATE: | Aug-18-15 |
| MEDIA: | Cable Kid, Unwired |
| PRODUCT: | *BRATZ (incremental)* |
| AUTHORIZATION #: | BM-15-122 |
| PERIOD COVERED: | 8/17 - 9/6 |
| MEDIUMS: | Nickelodeon, Teennick, Cartoon Network, Boomerang, Dish, Direct TV. |

| PRODUCT | PO# | Flight | Gross TV | Net TV | Comm | Net+Comm |
|---|---|---|---|---|---|---|
| BRATZ | P00135255 | 8/17 - 9/6 | $626,625 | $532,631 | $22,370 | $555,001 |

| | | | |
|---|---|---|---|
| GROSS EXPENDITURE: | $626,625 | | |
| NET EXPENDITURE: | | $532,631 | |
| AGY COM TV/UNWIRED: | | | $22,370 |
| **TOTAL DUE NET+COMM:** | | | $555,001 |

Approved by:

_____          _____          _____
Signature                                      Please Print Name                              Date

**PLEASE RETURN VIA FAX TO 201-335-0033**

NOTE:  BEACON MEDIA IS ACTING AGENT ONLY AND DOES NOT TAKE LIABILITY FOR CLIENT.

Exhibit 7   Page 72

32

BEACON00612

# EXHIBIT 8

**Paul Caldera**

| | |
|---|---|
| **From:** | Rebecca Estrada <restrada@mgae.com> |
| **Sent:** | Thursday, October 29, 2015 2:31 PM |
| **To:** | Candace McDuffie |
| **Cc:** | Erin Bloodgood; 'Paul Caldera' |
| **Subject:** | RE: Revised Invoice NEEDED |

HI Candace :)

This invoice needs to be split into 2 separate statements. One for each PO referenced.

Thank you,

Rebecca Estrada
Executive Assistant
MGA E N T E R T A I N M E N T
A Consumer Entertainment Products Company
16380 Roscoe Boulevard|Van Nuys, California, 91406||: 818 894-2525 ext. 6160| -----Original Message-----
From: Candace McDuffie [mailto:cmcduffie@thebeaconmg.com]
Sent: Thursday, October 29, 2015 11:16 AM
To: Rebecca Estrada <restrada@mgae.com>
Cc: Erin Bloodgood <EBloodgood@mgae.com>; 'Paul Caldera' <pcaldera@thebeaconmg.com>
Subject: RE: Revised Invoice NEEDED

Hello Rebecca,

I have put the corresponding PO# on the invoice. If you have any questions please let me know.

-----Original Message-----
From: Paul Caldera [mailto:pcaldera@thebeaconmg.com]
Sent: Thursday, October 29, 2015 1:19 PM
To: Rebecca Estrada <restrada@mgae.com>; Candace <cmcduffie@thebeaconmg.com>
Cc: EBloodgood@mgae.com
Subject: FW: Revised Invoice NEEDED
Importance: High

+ Candace.

-----Original Message-----
From: Rebecca Estrada [mailto:restrada@mgae.com]
Sent: Thursday, October 29, 2015 1:11 PM
To: Paul Caldera
Cc: Erin Bloodgood
Subject: Revised Invoice NEEDED
Importance: High

Hi Paul :)

37

BEACON00617

Per your discussion with Erin yesterday, please revise the attached invoice and resend. Each invoice needs to be assigned to one PO#, so it will need to be broken out into 2 separate invoices; one for each of the following POs. Please let me know if you have any questions or concerns.

P000135255

Beacon Media

Bratz - Commissions & Media for 3 weeks; Weeks of Aug 17, Aug 21 & Aug 31

P00136206

Beacon Media

Bratz F15 Media (Incremental for 2015 including agency fees)


Thank you,

Rebecca Estrada
Executive Assistant
MGA E N T E R T A I N M E N T
A Consumer Entertainment Products Company
16380 Roscoe Boulevard|Van Nuys, California, 91406|*: 818 894-2525 ext. 6160|

Exhibit 8   Page 74

BEACON00618



THE BEACON MEDIA GROUP
ONE INTERNATIONAL BLVD, SUITE 1110
MAHWAH, NJ 07495
P: 201-335-0032

## AUTHORIZATION FOR MEDIA PLACEMENT

**THE BEACON MEDIA GROUP, LLC.**
IS HEREBY AUTHORIZED TO PLACE THE MEDIA DETAILED BELOW ON BEHALF OF:

**MGA Entertainment**
16380 Roscoe Blvd.
Suite 150
Van Nuys, CA 91406

| | |
|---|---|
| DATE: | Jun-29-15 |
| MEDIA: | Cable Kid, Adult Cable |
| PRODUCT: | *"Various"* |
| AUTHORIZATION #: | BM-15-106 *REVISION 1* |
| PERIOD COVERED: | 8/17 - 12/06 |
| MEDIUMS: | Nickelodeon, Nick JR Channel, Discovery Family Channel, Sprout, Unwired, Disney XD, Disney Channel,Teennick, Boomerang, Cartoon Ntwk, Nick at Nite. |

| PRODUCT | PO# | Flight | Gross TV | Net TV | Comm | Net+Comm |
|---|---|---|---|---|---|---|
| MC2 | P000133308 | 8/17 - 11/29 | $3,993,809 | $3,394,738 | $105,279 | $3,500,017 |
| Lalaloopsy | P000133307 | 8/17 - 11/29 | $5,734,935 | $4,874,695 | $121,024 | $4,995,719 |
| Little Tikes | P000133305 | 8/31 - 12/06 | $2,753,670 | $2,340,620 | $59,380 | $2,400,000 |

| | | | |
|---|---|---|---|
| GROSS EXPENDITURE: | $12,482,414 | | |
| NET EXPENDITURE: | | $10,610,052 | |
| AGY COM TV/UNWIRED: | | | $285,683 |
| **TOTAL DUE NET+COMM:** | | | $10,895,735 |

Approved by:

_____     _____     _____
Signature                                              Please Print Name                                    Date

**PLEASE RETURN VIA FAX TO 201-335-0033**

NOTE: BEACON MEDIA IS ACTING AGENT ONLY AND DOES NOT TAKE LIABILITY FOR CLIENT.

Exhibit 8   Page 75

BEACON00619

# EXHIBIT 9



*THE BEACON MEDIA GROUP*
*ONE INTERNATIONAL BLVD, SUITE 1110*
*MAHWAH, NJ 07495*
*P: 201-335-0032*

## AUTHORIZATION FOR MEDIA PLACEMENT

**THE BEACON MEDIA GROUP, LLC.**
IS HEREBY AUTHORIZED TO PLACE THE MEDIA DETAILED BELOW ON BEHALF OF:

**MGA Entertainment**
16380 Roscoe Blvd.
Suite 150
Van Nuys, CA  91406

| | |
|---|---|
| DATE: | Jun-29-15 |
| MEDIA: | Cable Kid, Adult Cable |
| PRODUCT: | *"Various"* |
| AUTHORIZATION #: | BM-15-106  *REVISION 1* |
| PERIOD COVERED: | 8/17 - 12/06 |
| MEDIUMS: | Nickelodeon, Nick JR Channel, Discovery Family Channel, Sprout, Unwired, Disney XD, Disney Channel,Teennick, Boomerang, Cartoon Ntwk, Nick at Nite. |

| PRODUCT | PO# | Flight | Gross TV | Net TV | Comm | Net+Comm |
|---|---|---|---|---|---|---|
| MC2 | P000133308 | 8/17 - 11/29 | $3,993,809 | $3,394,738 | $105,279 | $3,500,017 |
| Lalaloopsy | P000133307 | 8/17 - 11/29 | $5,734,935 | $4,874,695 | $121,024 | $4,995,719 |
| Little Tikes | P000133305 | 8/31 - 12/06 | $2,753,670 | $2,340,620 | $59,380 | $2,400,000 |

| | | | |
|---|---|---|---|
| GROSS EXPENDITURE: | $12,482,414 | | |
| NET EXPENDITURE: | | $10,610,052 | |
| AGY COM TV/UNWIRED: | | | $285,683 |
| **TOTAL DUE NET+COMM:** | | | **$10,895,735** |

Approved by:

_____        _____        _____
Signature                                    Please Print Name                              Date

PLEASE RETURN VIA FAX TO 201-335-0033

NOTE: BEACON MEDIA IS ACTING AGENT ONLY AND DOES NOT TAKE LIABILITY FOR CLIENT.

BEACON00783                    Exhibit 9   Page 76



THE BEACON MEDIA GROUP
ONE INTERNATIONAL BLVD, SUITE 1110
MAHWAH, NJ 07495
P: 201-335-0032

## AUTHORIZATION FOR MEDIA PLACEMENT

**THE BEACON MEDIA GROUP, LLC.**
IS HEREBY AUTHORIZED TO PLACE THE MEDIA DETAILED BELOW ON BEHALF OF:

**MGA Entertainment**
16380 Roscoe Blvd.
Suite 150
Van Nuys, CA  91406

| | |
|---|---|
| DATE: | Jun-29-15 |
| MEDIA: | Cable Kid, Adult Cable |
| PRODUCT: | *"Various"* |
| AUTHORIZATION #: | BM-15-106 |
| PERIOD COVERED: | 8/17 - 11/29 |
| MEDIUMS: | Nickelodeon, Nick JR Channel, Discovery Family Channel, Sprout, Unwired, Disney XD, Disney Channel,Teennick, Boomerang, Cartoon Ntwk, Nick at Nite. |

| PRODUCT | PO# | Flight | Gross TV | Net TV | Comm | Net+Comm |
|---|---|---|---|---|---|---|
| MC2 | P000133308 | 8/17 - 11/08 | $2,420,000 | $2,057,000 | $66,250 | $2,123,250 |
| Lalaloopsy | P000133307 | 8/17 - 11/29 | $5,734,935 | $4,874,695 | $121,024 | $4,995,719 |
| Little Tikes | P000133305 | 8/31 - 11/15 | $1,925,000 | $1,636,250 | $41,250 | $1,677,500 |

| | | |
|---|---|---|
| GROSS EXPENDITURE: | $10,079,935 | |
| NET EXPENDITURE: | | $8,567,945 |
| AGY COM TV/UNWIRED: | | $228,524 |
| **TOTAL DUE NET+COMM:** | | **$8,796,469** |

Approved by:

_____        _____        _____
Signature                                                    Please Print Name                                         Date

F.     . RETURN VIA FAX TO 201-335-0033

NOTE:  BEACON MEDIA IS ACTING AGENT ONLY AND DOES NOT TAKE LIABILITY FOR CLIENT.

BEACON00784                    Exhibit 9    Page 77

**Candace McDuffie**

| | |
|---|---|
| ¯ ·om: | Paul Caldera <pcaldera@thebeaconmg.com> |
| ₋nt: | Wednesday, July 08, 2015 3:19 PM |
| To: | Candace McDuffie |
| Subject: | Fwd: Lala - 60% plan |

I'll fix your autho when I get back

Sent from my iPhone

Begin forwarded message:

> **From:** Margot Lopez <MLopez@mgae.com>
> **Date:** July 7, 2015 at 9:33:24 PM ADT
> **To:** Paul Caldera <pcaldera@thebeaconmg.com>
> **Cc:** Erin Bloodgood <EBloodgood@mgac.com>, Kelly Fetherolf <KFetherolf@mgae.com>, Rebecca Arrobio <RArrobio@mgae.com>
> **Subject: RE: Lala - 60% plan**
>
> **This has gone through and all F15 Lala Media is on the same PO # 00133307, for $4,997,000.00.**
>
> **Thank you.**
>
> **Margot Lopez**
> **Global Sales & Licensing Assistant**
> **MGA Entertainment, Inc.**
> **16300 Roscoe Blvd.**
> **Van Nuys, CA  91406**
> **(818) 894-2525**
> **Ext. 6350**
>
> **From:** Paul Caldera [mailto:pcaldera@thebeaconmg.com]
> **Sent:** Friday, July 03, 2015 2:36 AM
> **To:** Margot Lopez
> **Cc:** Erin Bloodgood; Kelly Fetherolf; Rebecca Arrobio
> **Subject:** Re: Lala - 60% plan
>
> Ok thx
>
> Sent from my iPhone
>
> On Jul 2, 2015, at 7:06 PM, Margot Lopez <MLopez@mgae.com> wrote:
>
> > **I just got Isaac's formal approval and sending to the lead in Accounting approvals.**

Once she confirms, I'll let all know.

Thank you.

**Margot Lopez**
**Global Sales & Licensing Assistant**
**MGA Entertainment, Inc.**
**16300 Roscoe Blvd.**
**Van Nuys, CA  91406**
**(818) 894-2525**
**Ext. 6350**

---

**From:** Paul Caldera [mailto:pcaldera@thebeaconmg.com]
**Sent:** Thursday, July 02, 2015 3:09 PM
**To:** Margot Lopez; Erin Bloodgood; Kelly Fetherolf
**Cc:** Rebecca Arrobio
**Subject:** RE: Lala - 60% plan

Any update on this?

---

**From:** Margot Lopez [mailto:MLopez@mgae.com]
**Sent:** Wednesday, July 01, 2015 2:10 PM
**To:** Erin Bloodgood; Paul Caldera; Kelly Fetherolf
**Cc:** Rebecca Arrobio
**Subject:** RE: Lala - 60% plan

**Already discussing with Accounting... I'll let you know when I get answers.**

Thank you.

**Margot Lopez**
**Global Sales & Licensing Assistant**
**MGA Entertainment, Inc.**
**16300 Roscoe Blvd.**
**Van Nuys, CA  91406**
**(818) 894-2525**
**Ext. 6350**

---

**From:** Erin Bloodgood
**Sent:** Wednesday, July 01, 2015 8:11 AM
**To:** Paul Caldera; Kelly Fetherolf
**Cc:** Margot Lopez; Rebecca Arrobio
**Subject:** RE: Lala - 60% plan

Good question. I'll defer to Margot on the process for this.

On Wed, Jul 1, 2015 at 7:31 AM -0700, "Paul Caldera"
<pcaldera@thebeaconmg.com> wrote:

BEACON00786                 Exhibit 9 ² Page 79

Would this be a new PO or using the same one as the previous LALA?

**From:** Erin Bloodgood [mailto:EBloodgood@mgae.com]
**Sent:** Tuesday, June 30, 2015 9:40 PM
**To:** Paul Caldera; Kelly Fetherolf
**Cc:** Margot Lopez; Rebecca Arrobio
**Subject:** Re: Lala - 60% plan

Sounds good.

Margot — Here are the details for the PO:

Lala: **$1,842,000** — *the remaining broadcast media spend for Fall '15 (the remaining 37%, after the initial 63% approval)*

- **Department Number: 5101**
- **Vendor Name: The Beacon Media Group, LLC**
- **Vendor Address & Phone: One International Blvd, Set 1110, Mahwah, NJ 07495, phone 201-335-0032**
- **Explanation** (Summarized details of the project): Lala Broadcast Media buy: *the remaining broadcast media spend for Fall '15 (the remaining 37%, after the initial 63% approval)*
- **Attachments** (Any/all documents that are valuable to the PO, including the approval): Chart from Paul and email approval from Anne & Isaac
- **GL Account** # for Accounting: 84100, Brand code "0010 – Lalaloopsy"
- **Unit Cost** (Total amount): **$1,842,000**
- **If it is Budget Approved and if not, explanation for additional spend: Approved and within budget, by both Anne and Isaac.**

From: Paul Caldera <PCaldera@thebeaconmg.com>
Date: Tuesday, June 30, 2015 3:38 PM
To: Kelly Fetherolf <KFetherolf@mgae.com>, Erin Bloodgood <ebloodgood@mgae.com>
Cc: Margot Lopez <MLopez@mgae.com>, Rebecca Arrobio <RArrobio@mgae.com>
Subject: RE: Lala - 60% plan

Correct.

**From:** Kelly Fetherolf [mailto:KFetherolf@mgae.com]
**Sent:** Tuesday, June 30, 2015 6:30 PM
**To:** Erin Bloodgood; Paul Caldera
**Cc:** Margot Lopez; Rebecca Arrobio
**Subject:** Re: Lala - 60% plan

$5M yes.

**From:** Erin Bloodgood <EBloodgood@mgae.com>
Date: Tuesday, June 30, 2015 3:18 PM
To: Paul Caldera <pcaldera@thebeaconmg.com>
Cc: Margot Lopez <MLopez@mgae.com>, Rebecca Arrobio <RArrobio@mgae.com>, Kelly Fetherolf <kfetherolf@mgae.com>
Subject: Re: Lala - 60% plan

Sounds good.

Paul and Lala Marketing == As a reminder, what is the total broadcast media budget for Lala? Was it upwards of $5MM? When we combine the original approval of 63% which was $3.155M with this new amount of $1.842M, it = $4.997M. Is this correct?

**From:** Paul Caldera <PCaldera@thebeaconmg.com>
**Date:** Tuesday, June 30, 2015 3:12 PM
**To:** Erin Bloodgood <ebloodgood@mgae.com>
**Cc:** Margot Lopez <MLopez@mgae.com>, Rebecca Arrobio <RArrobio@mgae.com>, Kelly Fetherolf <KFetherolf@mgae.com>
**Subject:** RE: Lala - 60% plan

Yes, definitely, that is always ok too.

**From:** Erin Bloodgood [mailto:EBloodgood@mgae.com]
**Sent:** Tuesday, June 30, 2015 6:09 PM
**To:** Paul Caldera
**Cc:** Margot Lopez; Rebecca Arrobio; Kelly Fetherolf
**Subject:** Re: Lala - 60% plan

It can be moved to other brands if necessary, correct?

**From:** Paul Caldera <PCaldera@thebeaconmg.com>
**Date:** Tuesday, June 30, 2015 11:00 AM
**To:** Erin Bloodgood <ebloodgood@mgae.com>
**Cc:** Margot Lopez <MLopez@mgae.com>
**Subject:** RE: Lala - 60% plan

The remaining 40% net TV & Commission is **$1,842,000** (chart attached).
This additional spend is great, just a friendly reminder, as we've previously discussed, once the media is booked, it is non-cancellable. However, you know we'll do everything we can to get you out of any unwanted media in the traditional and amicable way. Just don't want to get into any situations as in the past.
Thanks ☺

-Paul

**From:** Erin Bloodgood [mailto:EBloodgood@mgae.com]
**Sent:** Tuesday, June 30, 2015 1:29 PM
**To:** Paul Caldera
**Cc:** Margot Lopez
**Subject:** FW: Lala - 60% plan

Hi Paul,

We have secured approval from Isaac on the remaining 40% of the Lala broadcast media. Please provide that remaining dollar amount for PO purposes and Margot & I will get it processed.

Thanks,

Erin

**From:** Anne Gates <AGates@mgae.com>
**Date:** Tuesday, June 30, 2015 8:01 AM
**To:** Rebecca Arrobio <RArrobio@mgae.com>, Erin Bloodgood
<ebloodgood@mgae.com>
**Subject:** Fwd: Lala - 60% plan

We can lock the final 40%

Thanks

Sent from my iPhone

Begin forwarded message:

> **From:** "Isaac Larian (President / CEO)" <Larianl1@mgae.com>
> **Date:** June 30, 2015 at 7:50:14 AM PDT
> **To:** Anne Gates <AGates@mgae.com>
> **Subject: Re: Lala - 60% plan**
>
> Go ahead
>
> Best Regards
>
> Isaac Larian
> CEO
> MGA Entertainment
> 818-894-3150
> " Fortune favors the bold"
>
>
> On Jun 30, 2015, at 7:42 AM, Anne Gates <AGates@mgae.com> wrote:
>
>> What is your thinking on when we lock the final 40%?  The
>> ad market is quite tight.
>>
>> Thanks
>>
>> Sent from my iPhone
>>
>> Begin forwarded message:



THE BEACON MEDIA GROUP
ONE INTERNATIONAL BLVD, SUITE 1110
MAHWAH, NJ 07495
P: 201-335-0032
F: 201-335-0033

## AUTHORIZATION FOR MEDIA PLACEMENT

### THE BEACON MEDIA GROUP, LLC.
IS HEREBY AUTHORIZED TO PLACE THE MEDIA DETAILED BELOW ON BEHALF OF:

**MGA Entertainment**
16380 Roscoe Blvd.
Suite 150
Van Nuys, CA  91406

| | |
|---|---|
| DATE: | Jun-29-15 |
| MEDIA: | Cable Kid, Adult Cable |
| PRODUCT: | *"Various"* |
| AUTHORIZATION #: | BM-15-106 |
| PERIOD COVERED: | 8/17 - 11/15 |
| MEDIUMS: | Nickelodeon, Nick JR Channel, Discovery Family Channel, Sprout, Unwired, Disney XD, Disney Channel,Teennick, Boomerang, Cartoon Ntwk, Nick at Nite. |

| PRODUCT | PO# | Flight | Gross TV | Net TV | Comm |
|---|---|---|---|---|---|
| MC2 | P000133308 | 61% through wk 11/2 | $2,420,000 | $2,057,000 | $66,250 |
| Lalaloopsy | P000133307 | 63% through wk 11/2 | $3,620,000 | $3,077,000 | $78,250 |
| Little Tikes | P000133305 | 70% through wk 11/9 | $1,925,000 | $1,636,250 | $41,250 |

| | | | |
|---|---|---|---|
| GROSS EXPENDITURE: | $7,965,000 | | |
| NET EXPENDITURE: | | $6,770,250 | |
| AGY COM TV/UNWIRED: | | | $185,750 |
| **TOTAL DUE:** | | | **$6,956,000** |

Approved by:

*See attached Email*

Signature                                          Please Print Name                          Date

**PLEASE RETURN VIA FAX TO 201-335-0033**

NOTE:  BEACON MEDIA IS ACTING AGENT ONLY AND DOES NOT TAKE LIABILITY
FOR CLIENT.   BEACON00790                    Exhibit 9   Page 83

**Paul Caldera**

| | |
|---|---|
| om: | Margot Lopez <MLopez@mgae.com> |
| ent: | Friday, June 26, 2015 4:43 PM |
| To: | Erin Bloodgood; Paul Caldera |
| Subject: | RE: Media approvals - APPROVED PO #S |
| Importance: | High |

The following PO has been approved. Please have the vendor reference the **PO#** listed below upon billing/invoicing for this project. All invoices should be forwarded my way so I can keep track of the payments related to this PO.

| PO Number | Vendor | Description | Amount |
|---|---|---|---|
| **P000133308** | Beacon Media | MC2 - F15 Media Buy - 61% Buy through week of 11/2 | $2,123,000.00 |
| **P000133307** | Beacon Media | Lalaloopsy - F15 Media Buy - 63% Buy through part of week of 11/2 | $3,155,000.00 |
| **P000133305** | Beacon Media | Little Tikes - F15 Media Buy - 70% Buy through 50% week of 11/2 & 11/9 | $1,678,000.00 |

Thank you.

**Margot Lopez**
**Global Sales & Licensing Assistant**
**MGA Entertainment, Inc.**
**16300 Roscoe Blvd.**
**Van Nuys, CA  91406**
**(818) 894-2525**
**Ext. 6350**

**From:** Erin Bloodgood
**Sent:** Thursday, June 25, 2015 9:56 AM
**To:** Paul Caldera
**Cc:** Margot Lopez
**Subject:** Re: Media approvals

Including Margot on this email...

**From:** Paul Caldera <PCaldera@thebeaconmg.com>
**Date:** Thursday, June 25, 2015 8:30 AM
**To:** Erin Bloodgood <ebloodgood@mgae.com>
**Subject:** RE: Media approvals

·· progress on the PO's?

# EXHIBIT 10

Message
| | |
|---|---|
| **From:** | Paul Caldera [pcaldera@thebeaconmg.com] |
| **Sent:** | 11/5/2015 4:40:35 PM |
| **To:** | Isaac Larian (President / CEO) [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=userd7a2ef64]; Erin Bloodgood [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=88250adbbfb84627896a7a6e0f72a4b5-Erin Bloodg]; 'Shelly Hirsch' [shirsch@thebeaconmg.com] |
| **CC:** | Anne Gates [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=0220dad3037a40adacd75a6422617e9c-AGates]; Yael Afriat [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=a65eb71f44e54f99983f1178f98821ef-Yael Afriat] |
| **Subject:** | RE: MGA |

Nick is offering to move the media to Dec for you , where you need support for NunNoms, but they cannot cancel the media outright.

Nick wants to accommodate you as best as they can, but telling them that you are simply cancelling , will cause them to pull all media from air, like they did this week.

Let us know how you want to proceed?

**From:** Isaac Larian (President / CEO) [mailto:LarianI1@mgae.com]
**Sent:** Wednesday, November 04, 2015 6:53 PM
**To:** Paul Caldera; Erin Bloodgood; 'Shelly Hirsch'
**Cc:** Anne Gates; Yael Afriat
**Subject:** RE: MGA

As for Nick, we are simply canceling as they " suspended" or " canceled " us and we moved on.

Best Regards

Isaac Larian

CEO

MGA Entertainment

16380 Roscoe Blvd, Van Nuys, California 91406

818-894-3150

" Fortune favors the bold".

Exhibit 10    Page 85

MGA0001195

" Go confidently in the direction of your dreams! Live the life you've imagined"- Henry David Thoreau

" Life is either a daring adventure or nothing at all"-Hellen Keller

#Bratz

#Its good to be a Bratz

#Project MC2

#Little Tikes

#Lalaloopsy

**From:** Paul Caldera [mailto:pcaldera@thebeaconmg.com]
**Sent:** Wednesday, November 04, 2015 3:11 PM
**To:** Erin Bloodgood; 'Shelly Hirsch'
**Cc:** Isaac Larian (President / CEO); Anne Gates; Yael Afriat
**Subject:** RE: MGA

We'll put in the sell-off request to the networks and get back to you with their responses.

**From:** Erin Bloodgood [mailto:EBloodgood@mgae.com]
**Sent:** Wednesday, November 04, 2015 5:49 PM
**To:** Shelly Hirsch; Paul Caldera
**Cc:** Isaac Larian (President / CEO); Anne Gates; Yael Afriat
**Subject:** Re: MGA

Exhibit 10   Page 86

MGA0001196

To add on to Isaac's message below, in addition to not advertising Bratz on Viacom channels for the remainder of the year –
please work with Viacom to sell this media to other companies. Ideally at the higher scatter rates vs when we purchased it at
Upfront rates.

Also, we want to sell the remaining Bratz media — from all other channels too — effective this coming week, week of 11/9.

In total, that will be $1,285.2M worth of media.  Please reply back asap as you all go through with the sales and confirm that it
can be sold off.

I'll send a separate email with other brand changes, including Num Noms.

Thanks,

Erin

**From:** Paul Caldera <PCaldera@thebeaconmg.com>
**Date:** Wednesday, November 4, 2015 11:43 AM
**To:** Erin Bloodgood <ebloodgood@mgae.com>
**Subject:** RE: MGA

Ok, just note , any sell-off request is not guaranteed to happen, and let me know what you want to do with NunNom
December as well, thx.

**From:** Erin Bloodgood [mailto:EBloodgood@mgae.com]
**Sent:** Wednesday, November 04, 2015 1:33 PM
**To:** Paul Caldera; 'Shelly Hirsch'
**Cc:** Isaac Larian (President / CEO); Anne Gates; Yael Afriat; Corinne Mescher
**Subject:** Re: MGA

Paul,

Exhibit 10   Page 87

MGA0001197

You have the changes from yesterday where we moved Bratz media over to Mc2.

We will not advertise Bratz for the remainder of the year. Today, we'll decide if we sell 100% of the media off to other advertisers or if we sell the majority of it and move a small percentage to another brand. -- Our meeting to decide this it at 1pm PST / 4pm EST. I'll email you with specifics directly afterward.

For the NICK compensation for the trafficking mistakes — please have all of that media time go to Mc2. Let Corinne and I know what weeks and lengths and one of us will get back to you on which TVCs to run based on the larger business.

Thanks,

Erin

**From:** "Isaac Larian (President / CEO)" <Larianl1@mgae.com>
**Date:** Tuesday, November 3, 2015 4:33 PM
**To:** "Halliley, Justin" <Justin.Halliley@nick.com>, Paul Caldera <PCaldera@thebeaconmg.com>, Shelly Hirsch <shirsch@thebeaconmg.com>
**Cc:** "Sarah.Levy@nick.com" <Sarah.Levy@nick.com>, Steve Schultz <SSchultz@mgae.com>, Ellie Trope <etrope@mgae.com>, Erin Bloodgood <ebloodgood@mgae.com>
**Subject:** RE: MGA

Justin

We are sending the $351,000 that's due by wire tomorrow.

- Because of Nick's cancelation ( or " suspension" as you put it ), due to the dispute on Lalaloopsy TV series,  we have lost momentum that we were building. We will not pay for last week's TV as a result.

- Again , because of Nick's cancelation, we had to make moves to mitigate our damages on Bratz and we will no longer TV advertise Bratz on Nick for the rest of the year.

Exhibit 10    Page 88

MGA0001198

Erin: Please send the remaining  flight and schedule to Beacon for MC2, Lalaloopsy and Little Tikes.

Thanks

Best Regards

Isaac Larian

CEO

MGA Entertainment

16380 Roscoe Blvd, Van Nuys, California 91406

818-894-3150

" Fortune favors the bold".

" Go confidently in the direction of your dreams! Live the life you've imagined"- Henry David Thoreau

" Life is either a daring adventure or nothing at all"-Hellen Keller

#Bratz

#Its good to be a Bratz

#Project MC2

#Little Tikes

#Lalaloopsy

Exhibit 10   Page 89

MGA0001199

**From:** Halliley, Justin [mailto:Justin.Halliley@nick.com]
**Sent:** Tuesday, November 03, 2015 12:55 PM
**To:** Paul Caldera; 'Shelly Hirsch'
**Cc:** Isaac Larian (President / CEO)
**Subject:** RE: MGA

Gents,

Following our telephone conversation I can now confirm  we are able to get MGA advertising back on air tomorrow
(Wednesday). In view of this, our expectation is that we will receive full payment from MGA for the outstanding media
invoices. I believe the amount outstanding from August is $351,000. Please confirm that we will receive payment
immediately and we can move forward as good partners.

Best regards. Justin.

**Justin Halliley**

Vice President, Sales & Marketing

nickelodeon

Off: 212-846-7174

Cel: 917-656-7874

> **From:** Paul Caldera [mailto:pcaldera@thebeaconmg.com]
> **Sent:** Tuesday, November 03, 2015 3:22 PM
> **To:** Halliley, Justin; 'Shelly Hirsch'
> **Cc:** 'Isaac Larian (President / CEO)'
> **Subject:** RE: MGA

Exhibit 10   Page 90

MGA0001200

Justin-

Just confirming that MGA media has been pulled off the air starting yesterday and you're looking for us to replace dollars?

Because , we just got a call from Isaac who spoke to Sarah Levy who instructed him that he hasn't been pulled off air and that the Lalaloopsy Show dispute has nothing to do with the media that is currently running.

Please verify this issue asap and give us the correct information.

Thank you.

-Paul

**From:** Halliley, Justin [mailto:Justin.Halliley@nick.com]
**Sent:** Thursday, October 29, 2015 5:01 PM
**To:** Shelly Hirsch; Paul Caldera (pcaldera@thebeaconmg.com)
**Subject:** MGA

Hi Shelly,

As discussed, in view of the recent corporate conversations concerning MGA's failure to make required payments to Viacom, we will not be able to continue to run any MGA advertising as of 11/2/15. We will reallocate the inventory for next week into latter weeks (within Q4) and continue to do so in ensuing weeks until the current payment situation is resolved.

Thanks. Justin.

**Justin Halliley**

Vice President, Sales & Marketing

**nickelodeon**

Off: 212-846-7174

Exhibit 10    Page 91

MGA0001201

Cel: 917-656-7874

Exhibit 10   Page 92

MGA0001202

# EXHIBIT 11

Message

| From: | Isaac Larian (President / CEO) [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=USERD7A2EF64] |
|---|---|
| Sent: | 11/4/2015 4:52:10 PM |
| To: | Paul Caldera [pcaldera@thebeaconmg.com] |
| CC: | Shelly Hirsch [shirsch@thebeaconmg.com]; Erin Bloodgood [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=88250adbbfb84627896a7a6e0f72a4b5-Erin Bloodg]; Paul Gabella [pgabella@thebeaconmg.com] |
| Subject: | Re: MGA |

Must be per my email yesterday.

Please send a recap.

And, where's Justin's boss info he promised?
Best regards
Isaac Larian
CEO  MGA Entertainment
818-894-3150
" Fortune favors the bold"
Follow me on Twitter :@isaaclarian


On Nov 4, 2015, at 8:39 AM, Paul Caldera <pcaldera@thebeaconmg.com> wrote:
Yes, you are back on today, we'll get you log times.

**From:** Isaac Larian (President / CEO) [mailto:LarianI1@mgae.com]
**Sent:** Wednesday, November 04, 2015 11:38 AM
**To:** Shelly Hirsch; Caldera Paul
**Cc:** Erin Bloodgood
**Subject:** Re: MGA

Guys

Please confirm we are on the air and provide detail ( products, slots, times, etc).

Thanks
Best regards
Isaac Larian
CEO  MGA Entertainment
818-894-3150
" Fortune favors the bold"
Follow me on Twitter :@isaaclarian


On Nov 3, 2015, at 1:08 PM, Shelly Hirsch <shirsch@thebeaconmg.com> wrote:
We are back on the air Tomorrow. Justin just called me

Exhibit 11    Page 93

MGA0008459

**From:** Isaac Larian (President / CEO) [mailto:LarianI1@mgae.com]
**Sent:** Tuesday, November 03, 2015 3:57 PM
**To:** Paul Caldera <pcaldera@thebeaconmg.com>
**Cc:** Halliley, Justin <Justin.Halliley@nick.com>; Shelly Hirsch <shirsch@thebeaconmg.com>
**Subject:** Re: MGA

Justin

This crazy.

We already lost a lot of momentum of our TV marketing.

Even if you go back on its Thursday. And we need to invest and build the awareness.

How to stupid.

What the hell does the dispute on programming of Lalaloopsy had to do with our so called " none cancelable " tv media
buy contracts?

Best regards
Isaac Larian
CEO  MGA Entertainment
818-894-3150
" Fortune favors the bold"
Follow me on Twitter :@isaaclarian


On Nov 3, 2015, at 12:18 PM, Paul Caldera <pcaldera@thebeaconmg.com> wrote:

Justin-
Just confirming that MGA media has been pulled off the air starting yesterday and you're looking for us to replace
dollars?
Because , we just got a call from Isaac who spoke to Sarah Levy who instructed him that he hasn't been pulled off air and
that the Lalaloopsy Show dispute has nothing to do with the media that is currently running.
Please verify this issue asap and give us the correct information.
Thank you.

-Paul

**From:** Halliley, Justin [mailto:Justin.Halliley@nick.com]
**Sent:** Thursday, October 29, 2015 5:01 PM
**To:** Shelly Hirsch; Paul Caldera (pcaldera@thebeaconmg.com)
**Subject:** MGA

Hi Shelly,

Exhibit 11    Page 94

MGA0008460

As discussed, in view of the recent corporate conversations concerning MGA's failure to make required payments to Viacom, we will not be able to continue to run any MGA advertising as of 11/2/15. We will reallocate the inventory for next week into latter weeks (within Q4) and continue to do so in ensuing weeks until the current payment situation is resolved.

Thanks. Justin.


**Justin Halliley**
Vice President, Sales & Marketing
nickelodeon
Off: 212-846-7174
Cel: 917-656-7874

Exhibit 11   Page 95

MGA0008461

# EXHIBIT 12

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT


VIACOM INTERNATIONAL, INC., A            )
DELAWARE CORPORATION,                    )
                                         )
                         PLAINTIFF, )  CASE NO.
                                  )2:15-CV-09621-R (Ex)
              vs.                        )
                                         )
MGA ENTERTAINMENT, INC., A               )
CALIFORNIA CORPORATION,                  )
                                         )
                         DEFENDANT. )
_____)
AND RELATED COUNTERCLAIMS.               )
_____)



VIDEOTAPED DEPOSITION OF SHELDON HIRSCH

Mahwah, New Jersey

MAY 25, 2016

1:41 p.m.



Reported by:
Josephine H. Fassett, CCR
Job No. 44607-B

Exhibit 12   Page 96

SHELDON HIRSCH

2

```
 1      -------------------------------*

 2      MGA ENTERTAINMENT, INC.,          )

 3      a California corporation,         )

 4                   Counterclaimant,  )

 5           vs.                           )

 6      VIACOM INTERNATIONAL INC.,        )

 7      a Delaware corporation;           )

 8      DOES 1-10, inclusive,             )

 9                   Counterdefendants.)

10      -------------------------------*
```

11                  Wednesday, May 25, 2016

12                  Mahwah, New Jersey

13                      1:41 p.m.

14

15          T R A N S C R I P T   of the Highly

16      Confidential - Attorneys' Eyes Only 30(b)(6)

17      Deposition of SHELDON HIRSCH, on behalf of non-party

18      Beacon Media Group, LLC, taken pursuant to the

19      Federal Rules of Civil Procedure, held at the offices

20      of Regus Mahwah, One International Boulevard, Mahwah,

21      New Jersey, on Wednesday, May 25, 2016, commencing at

22      approximately 1:41 p.m., before Josephine H. Fassett,

23      a Certified Court Reporter, Registered Professional

24      Reporter, Certified Livenote Reporter and Notary

25      Public of the State of New Jersey.

SHELDON HIRSCH

28

10    Q.    So you do have a specific recollection

11  that this did, in fact, that there was some --

12    A.    A piece that Nick produced, a research

13  piece.

14    Q.    Okay.

15    A.    You know, that was, yeah, basically

16  promoting the virtue of this property.

17    Q.    This was after it started airing on Nick?

18    A.    Yes.

19    Q.    Before --

20    A.    Before, you know, lack of a better word,

21  the downgrade to, you know, Nick Jr., if that's --

22    Q.    Or the switch?

23    A.    Or the switch, yeah, I don't want to

24  be...

25    Q.    How long was the show on Big Nick?

SHELDON HIRSCH

29

1     A.    Months, I would think.

2     Q.    Okay.  So during that --

3     A.    Enough time to basically generate an

4 audience following and time enough for a research

5 department to be comfortable enough to basically

6 print, you know, that this is, you know, somewhat of

7 a success.

8     Q.    Do you remember what the context was, the

9 research paper, was it about a toy product that --

10    A.    No.  No mention of toys, that's like

11 foreboden.  We don't talk about that.  It was just

12 talking about how this program, you know, it was

13 basically, you know, numbers.  You know, what it was

14 reaching kids 2 to 11, you know, girls 2 to 11, girls

15 2 to 5.  I'm just making that up in a generalization.

16 But it was -- it's basically targeted, the piece was

17 targeted at showing real numbers -- raw numbers that

18 were exemplary.

19    Q.    Well --

20    A.    They put it near the top of their

21 programming in the preschool block.

22    Q.    The numbers are what they are, right?

23    A.    Yeah, yeah.

24    Q.    So it rated, however it rated --

25    A.    Yeah.